# Smith, *et al. v.* Hill.

*Bill for Sale for Division.*

(Decided June 7, 1910.　52 South 949.)

1. *Partition; Sale for; Equitable Division.*—Partition in kind is a matter of right and mere difficulty or resulting injury is no defense to an action therefor, but in order to have a sale of land for division, among the joint owners, it must be averred and proven that it cannot be equitably divided.

2. *Partition; Actual Partition or Sale; Owelty.*—It is the intent of the law that a partition shall be final and among the individual owners thereof, and not partial, and among classes of individuals, and where it appeared that in view of the area of the land and the fact that the complainant owned a seven-twelfths interest therein, and each of the nine respondents owned a one-ninth interest in the remaining five-twelfths, subject to the life estate of their father therein, thus making a prima facie case for a sale for division, yet where such respondents by cross bill seek to have their joint five-twelfths interest set apart to them jointly subject to the life estate, and invoke the rule of owelty the right to which is given by section 5233, Code 1907, thus making an equitable division of the land possible, partition and not sale for division should be granted.

3. *Appeal and Error; Presumption; Waiver of Error.*—Where no objection to the answer and cross bill because of default being made, was interposed by complainant, and the complainants an-

swered the cross bill, and the cause was submitted in part without objection on such cross bill and answer, it will be presumed that the default was waived by the complainant, or that leave to file the answer was given, and the default set aside, although the mere filing of an answer does not per se set aside a decree pro confesso, and an answer filed before decree pro confesso is set aside may be stricken on motion, since section 3161, Code 1907, authorizes the setting aside of a decree pro confesso on the filing of an answer before publication of testimony.

Appeal from Talladega City Court.

Heard before Hon. G. K. Miller.

Bill by George A. Hill against Marcus L. Smith and others. From a decree granting the relief prayed, and denying relief on cross-bill, respondents appeal. Reversed, rendered, and remanded.

The original bill was filed by George A. Hill against M. L. Smith and others, seeking partition of 598 acres of land by sale, alleging that he owned seven-twelfths, that Marcus L. Smith owned a life estate in the remainder, and that, subject to such life estate, the other nine respondents each owned an undivided one-ninth interest in the remainder, subject to being diminished by any other children born to Marcus L. Smith. The respondents M. L. Smith and Lottie Smith demurred to the bill on various grounds. W. M. Lackey was appointed guardian ad litem for the minors, but failed to file any answer. M. L. Smith, Lottie Smith, and Kate McDonald having failed to file an answer, a decree pro confesso was entered as against them. On the 14th of September, 1909, the guardian ad litem filed an answer and cross-bill for all of the minor respondents, denying that the property could not be equitably partitioned, and asking that it be partitioned in kind, and that he, as guardian, had the right to pay in behalf of the minor any sum necessary to make the parts equal. Afterwards the respondents M. L. and Lottie Smith and Kate McDonald adopted the answer and cross-bill of the minor respondent, and filed same as their answer and cross-

bill, but without having the decree pro confesso set
aside.   The bill also prayed for a construction of a
deed, and that the court ascertain the interest of the re-
spondents therein.   By his decree the chancellor or-
dered the land sold as prayed, and denied the prayer of
the cross-bill that the lands be divided by metes and
bounds.

WHITSON & HARRISON, for appellant.   The jurisdic-
tion to sell for division is statutory, and is   nothing
more nor less than the jurisdiction concurrent with the
probate court.—Sec. 5231, Code 1907; *Schuessler v.
Goodhue,* 146 Ala. 637.   Neither can sell unless it is
both averred and proven that the lands   cannot   be
equitably partitioned and divided without a sale.—Sec-
tion 5222, Code 1907; *Berry  v. T. & C. R. R. Co.,* 134
Ala. 618.   This averment and proof is jurisdictional.—
*Finch v. Smith,* 146 Ala. 644.   The safest practice is to
conform to the letter of the statute.—*McEvoy v. Leon-
ard,* 89 Ala. 455.   Equitable has been   construed   to
mean, fairly.—*Warnock v. Thomas,* 48 Ala. 463. Where
a tenant in common objects to the sale the necessary
averments and proof must be made, showing that the
land cannot be equitably partitioned.—*Keyton v. Terry,*
93 Ala. 85.   It therefore follows that the bill was sub-
ject to the demurrers interposed, and if the bill was
insufficient in that respect, the final decree must fall.—
*French v. Smith, supra.*   In the exercise of the juris-
diction to partition by kind, the court acts in accord-
ance with its own  established principle.—*Donner v.
Quartermas,* 90 Ala. 164.   The cross-bill must be con-
strued as actually in the case, because the court will
presume that the decree pro confesso is set aside, or at
least it was waived by the action of the complainant.—
*Gilman Sons & Co. v. N. O. & S. R. R.,* 72 Ala. 566;

*Johnson v. Hatteway,* 155 Ala. 516, and cases there cited. Besides this, the proof was insufficient to authorize the decree rendered.—*Mitchell v. Mitchell,* 101 Ala. 183; *Judkins v. Lovelace,* 72 Ala. 303; *Gilchrist v. Shackelford,* .72 Ala. 7.

KNOX, ACKER, DIXON & BLACKMON, for appellee. "Adult owners in common of the land, having averred facts showing the impracticability of partition without sale, and praying a sale for division among all the owners, it was not necessary for them to show that such sale would be to the interest of the owners.—*Coker v. Pitts* 37 Ala. 692; *Fennell v. Tucker,* 49 Ala. 453, 459. Nor will the fact that inconvenience or injury would result or mischief be entailed on the property, or, that a division or sale may be embarrassed by difficulties, deprive such complainant of the right to demand a partition or sale for division as the case may require. Partition or sale is a matter of right."—*Gore v. Dickinson,* 98 Ala. 363; *Cates v. Johnson,* 109 Ala. 126. "If an applicant for partition for sale be an infant, proof must be made that a sale will be to his interest, but if he is a *defendant* such proof is not necessary."—*Fennell v. Tucker,* 49 Ala. 453; *Coker v. Pitts,* 37 Ala. 692. "Where the guardian alone manifests a wish to sell, sound policy would dictate that his wish should not be gratified unless it would be to the interest of the infants to sell. The case is quite changed, when adult part-owners ask a sale for division. Their interests are co-equal with those of the infants. Their right to have the possession of their property, and to have their wishes in the premises gratified, is to be respected equally with the interests of the infants. It would be monstrous to hold, that adult part-owners should be kept out of the enjoyment of their property, merely because

other part-owners were infants, and the interests of
such infants did not require that the property should
be sold."—*Coker v. Pitts*, 37 Ala. 692-694. Lands may
be sold for partition among tenants in common al-
though one party owns only a life estate. "The inter-
ests of the remaindermen need not be thereby endanger-
ed; the court may secure the forthcoming of their share
of the proceeds at the termination of the particular es-
tate, by requiring bond and security before turning it
over to the life tenant."—*McQueen v. Turner*, 91 Ala.
273, 277; *Kelly v. Deegan*, 111 Ala. 152. "When the
land to be partitioned belongs to three tenants in com-
mon, in equal proportions, two of them may unite as
complainants in a bill against the third; and may have
their separate portions allotted to them jointly as one
parcel."—*Donnor v. Quartermas*, 90 Ala. 164. But it
does not seem, without they voluntarily unite, that
their part can be set apart jointly. If, as in this case
one party alone files the bill, the interest of each of
the several respondents must be set apart to them, and
if impracticable the same must be sold. "Complete par-
tition must be made, and all estates, whether in posses-
sion or expectancy, including those of infants and all
persons not in esse, must be brought before the court
and will be bound by the decree."—*Gayle v. Johnson*,
80 Ala. 398. Even in case where partition is prayed for
"if, after a decree for partition and the appointment of
commissioners, it shall appear from the report of the
commissioners, or on exceptions to their report, that a
*just and equal division of the land cannot be made, or
that a sale will better promote the interest of all the
cotenants,* (italics ours) the court shall order a sale
of the land, or such part thereof as may be deemed
proper, and a division of the proceeds among those in-
terested."—Sec. 5212 of the Code of Alabama 1907.

"When the complaint undertakes to make an allegation that the property cannot be equitably divided, it seems sufficient to allege the ultimate fact substantially in the language of the statute, without going into details by disclosing the evidentiary facts from which the pleader draws his conclusion."—30th Cyc., page 271. The American rule is that a sale will be ordered where partition "will operate to the great prejudice of the owners; parties in interest together, and a sale will better promote the interests of the owners, or that to be divided it will depreciate in value, or the interests of the owners will be prejudiced, or its division will materially impair its value, or result in loss or injury to the parties interested."—30th Cyc., pages 268-269.

ANDERSON, J.—Partition in kind is matter of right; that it will be difficult, or that injury may result, is no defense to an act of partition.—*Gore v. Dickinson*, 98 Ala. 363, 11 South. 743, 39 Am. St. Rep. 67; *Gates v. Johnson*, 109 Ala. 126, 19 South. 416. In order, however, for the chancery court to sell land for division among joint owners, it must be averred and proven that it cannot be equitably divided.—*Berry v. Tenn. Co.*, 134 Ala. 618, 33 South. 8; *McMath v. De Bardelaben*, 75 Ala. 68. It is also the purpose and intent of the law that a partition should be final and not partial, and the land should be divided among all of the owners, and not by grouping the interests and making a partial division between a certain class.

We may concede that the bill sufficiently avers that the land in question cannot be equitably divided between all of the owners, and that the proof shows that it cannot be done in view of the fact that the land would have to be divided so as to give the complainant seven-twelfths and each of the respondent children, and the

wife, one-ninth of the five-twelfths, each, subject to the life estate of their father, taking also into consideration the area of the land and its character as disclosed by the evidence, we think the complainant made out a prima facie case entitling him to a sale for distribution but for the cross-bill of the respondents. The respondents by their cross-bill seek to have their joint five-twelfths interest set apart to them jointly and which will give the complainant his seven-twelfths interest, which he can get and with which he must be satisfied, as he has no concern in the other five-twelfths, if the land can be equitably divided at the ratio of seven-twelfths and five-twelfths.

Two or more tenants in common may unite in a bill against another co-tenant, and may jointly elect to consider their several moieties as one moiety, and to have it set apart to them as one undivided fractional share of the whole.—*Donner v. Quartermas*, 90 Ala. 164, 8 South. 715, 24 Am. St. Rep. 778; Freeman on Co-Tenancy, § 459; 30 Cyc. 240-261. The respondents, by their cross-bill, sought to have their respective moieties treated as one moiety, and to have the same set apart to them as an undivided fractional share of the whole. We can conceive of but little difficulty that the chancery court would experience in having the lands in question equitably divided into two parts, seven-twelfths to the complainant and five-twelfths to the respondents, the wife and children jointly, subject to the life estate of their father to the whole of their said part. Especially can there be an equitable division of this land, in view of the fact, that the respondents invoke the rule of owelty, which the chancery court has the power to award independent of the statute.—30 Cyc. 238. Section 5233 of the Code of 1907, however, gives the right

[Smith, et al. v. Hill.]

whether it previously existed in the chancery court or not.

It seems that a decree pro confesso was entered against three of the respondents; that shortly thereafter, and before the publication of the testimony, they filed an answer and adopted the cross-bill of the other respondents, who were not in default. Section 3167 of the Code of 1907 authorizes the setting aside of a decree pro confesso upon the filing of an answer before the publication of the testimony. It seems, however, that the mere filing of the answer does not per se set aside the decree, but it must be set aside upon leave of the chancellor or register, and an answer filed before the decree is set aside will be stricken upon the motion of an adversary party.—*Pickering v. Townsend,* 118 Ala. 351, 23 South. 703. In the case cited, a motion was made to strike the answer, and it was granted, and this court held there was no error in striking the answer; but in the case at bar there was no objection to the answer and cross-bill because three of the respondents were in default, the cross-bill was answered by the complainant, and the cause was submitted in part without objection on said answer and cross-bill. We will therefore presume that leave was given to file the answer and the default was set aside, or that the default was waived by the complainant upon answering the cross-bill, and who did not see fit to avail himself of the decree pro confesso.

The chancery court erred in granting the complainant relief upon the original bill, and in not granting the respondents the relief sought by their cross-bill, and the decree. is reversed, and one is here rendered denying relief under the original bill, and the cause is remanded for further proceedings.

Reversed, rendered, and remanded.

SIMPSON, MAYFIELD, and SAYRE, JJ., concur.