(93 South. 876)

## STATE ex rel. SELLERS v. LOCKE, Judge.
### (6 Div. 694.)

(Supreme Court of Alabama. June 22, 1922. Rehearing Denied Oct. 12, 1922.)

1. **Mandamus** ⬤➡168(2)—**On review of findings adopting register's report, every reasonable presumption to be indulged in favor of decision upon question of fact.**

On mandamus to review findings of trial court accepting register's report, all reasonable presumptions in favor of the register's decision upon questions of fact should be indulged, and the decision should not be reversed unless it is clearly wrong.

2. **Divorce** ⬤➡213—**Not necessary that wife be without all means of support as a condition to separate alimony pendente lite.**

It is not necessary that the wife be without all means of support as a condition to support alimony pendente lite, but that she be without adequate means of support, and the fact that the wife has some unproductive property and a small sum out at interest will not suffice to deny alimony unless sufficient to support her in something like her previous style of living.

3. **Divorce** ⬤➡215, 227(2)—**Allowance to wife of $80 per month pendente lite and $250 attorney's fee not excessive.**

The allowance to plaintiff wife of $80 per month pendente lite and $250 attorney's fee was not excessive, where defendant husband had an estate valued at $2,000 and was capable of earning from $5,000 to $7,000 a year.

Petition by Ira J. Sellers for writ of mandamus to Hugh A. Locke, one of the Judges of the Circuit Court of Jefferson County, requiring him to vacate a decree rendered in a cause pending against the petitioner. Writ denied.

W. A. Jenkins, of Birmingham, for petitioner.

The right to alimony pendente lite is only to be exercised where the wife is without means. 144 Ala. 414, 39 South. 237; 206 Ala. 8, 89 South. 656; 42 South. 382; 56 South. 533. The authority of a register is limited by the decree of reference, and he exceeds his authority if he makes findings not in accord with the decree. 10 R. C. L. 508; 21 C. J. 610; 21 Ala. 179, 56 Am. Dec. 244; 45 Ala. 275; 204 Ala. 564, 86 South. 531; 139 Ala. 350, 35 South. 1006.

Black & Harris, of Birmingham, for respondent.

The report of the register on a reference is entitled to the same weight as the verdict of a jury. 155 U. S. 631, 15 Sup. Ct. 237, 39 L. Ed. 289; 127 Ala. 417, 30 South. 548. An appellate court will not disturb the finding of a register unless palpably wrong. 69 Ala. 92; 139 Ala. 183, 35 South. 767; 18 South. 937; 144 Ala. 470, 39 South. 512; 123 Ala. 678, 27 South. 322; 39 Ala. 202. A wife is entitled to support and maintenance from her husband in a manner and degree commensurate with their previous condition in life. 206 Ala. 8, 89 South. 656.

SAYRE, J. Mary Allen Sellers filed her bill against petitioner in this cause praying for a decree awarding permanent alimony without divorce. Pending a final decree the court, on complainant's motion, ordered a reference to ascertain alimony pendente lite and reasonable compensation for complainant's solicitor. Defendant's exceptions to the register's report having been overruled, he has appealed to this court for the writ of mandamus to review, the findings in the trial court.

[1] The propriety of the writ sought as an emergency appeal is not denied and is fully sustained by our decisions. Brady v. Brady, 144 Ala. 414, 39 South. 237; Ex parte Eubank, 206 Ala. 8, 89 South. 656.

"The rule is to indulge all reasonable presumptions in favor of the register's decision upon questions of fact, such as those now under consideration, and not to reverse it unless clearly satisfied that it is wrong." Mahone v. Williams, 39 Ala. 202, 221.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

And in Pollard v. Am. Freehold Land Mtg. Co., 139 Ala. 183, 201, 35 South. 767, 772, it was said:

"The effect of this rule in cases of findings upon the testimony of witnesses, oral evidence [as in the case at bar], considered in connection with the doctrine of Woodrow v. Hawving [105 Ala. 240], is to put the register's decision upon the same footing as the verdict of a jury, and to authorize the reversal of a decree confirming it only upon such a state of case as would require a trial court to grant a motion to set aside the verdict of the jury and grant a new trial"—citing Cobb v. Malone, 92 Ala. 630, 9 South. 738, and other cases.

[2] The evidence in this case, taken orally before the register, has been duly examined, and upon such examination the court is not clearly satisfied—nor satisfied at all—that the decision of the register in respect of the matters referred to him was wrong. No public interest requires a discussion of the facts, and consideration for the parties, not improperly indulged in the circumstances, suggests that only results be stated. To one point, however, we will refer: Petitioner, upon the occasion of his marriage with complainant, in 1917, gave her a ring valued at something like $600, and it appeared that since the separation in May, 1921, complainant had the sum of $400 out at interest. On the basis of these facts petitioner complains of the register's report wherein he finds that—

"Complainant has no estate out of which she derives or can derive any income; her estate consisting of a vacant lot worth approximately $300."

We are not of opinion that a wife need be stripped of her last penny as a condition to support pendente lite. As to that the prerequisite is that the wife should be without adequate means of support. 2 Am. & Eng. Encyc. 106. The fact that the wife has some means is to be considered in connection with the husband's ability, but will not suffice to deny alimony unless they are sufficient to support her (19 C. J. 215) in, we apprehend, something like her previous style of living. Nor will the ownership of unproductive property deprive a wife of the right to alimony pending a final decree. 19 C. J. 215, note 64. It was shown in evidence that the wife in this case had recovered and expended $185 of the $400 out at interest. Clearly the other piece of property had no productive value. We think, therefore, that the register's report contained no error of which petitioner can be heard to complain.

[3] The register reported that defendant (petitioner) had an estate valued at $2,000, approximately, and that he was capable of earning $5,000 to $7,000 per annum. Ill health has of late and to some extent interfered with defendant's practice as a physician and surgeon; but the register's minimum estimate of his earning capacity at $5,000 a year is well supported in evidence, and our conclusion is that the trial court cannot be put in error by reason of its decree confirming the register's report allowing $80 a month for support and $250 for solicitor's fee.

Writ denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.