(126 So. 862)

## EPPS v. EPPS.

### 3 Div. 906.

Supreme Court of Alabama.

March 20, 1930.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Walton H. Hill, of Montgomery, for appellee.

BROWN, J.

This case was here on a former appeal from a decree of the circuit court entered on the 23d of January, 1928, modifying the original decree of that court awarding to the appellant alimony payable in installments of $100 per month, without limit of time such payments should continue. The modifying decree was reversed, because it relieved the appellee from the payment of installments accrued prior to the filing of the petition for modification. Epps v. Epps, 218 Ala. 667, 120 So. 150.

After the remandment of the case to the circuit court, it was again submitted on petition of appellee for modification of the original decree, on the agreement of the parties "that the financial status of Thomas L. Epps and Lilly A. Epps is the same as at the time of the previous submission of this case on January 3rd, 1928"; and thereupon the court entered the decree from which this appeal is prosecuted, requiring the appellee to pay into the registry of the court all such sums as had accrued under the original decree prior to "January 30th, 1925," and relieved him from all further payments.

Appellant's first contention is that the petition to modify, filed January 30, 1925, had in effect been abandoned by the filing of a subsequent petition on July 12, 1927, or was in effect disposed of by the order of the court entered May 19, 1925, discharging a rule for contempt issued against appellee for failing to comply with the decree.

A sufficient answer to this contention is that appellant on August 4, 1927, filed an answer "to the petition of Thomas L. Epps herein filed on the 30th day of January, 1925," and subsequent to the reversal, and before the last submission, the appellee on February 15, 1929, amended "his petition filed herein on the 30th day of January, 1925, as amended or supplemented by his petition filed herein on

the 12th day of July, 1927"; and the court, taking cognizance of the petition, treated it, as did the parties, as filed on January 30, 1925, and decreed accordingly. In this the appellant has no just ground to complain. Epps v. Epps, supra.

Another contention is that the court erred in relieving appellee from all further liability.

The decision on the former appeal recognized the power of the court rendering the decree, in the absence of a contract settlement in the first instance, to modify a decree for alimony providing for periodical future payments, to meet changed conditions and circumstances of the parties, on the theory that the divorced spouse had no vested interest in the unaccrued future installments. When the power to modify is conceded, on like principle the power to relieve entirely must be conceded, if the circumstances of the parties so require. McAlister v. McAlister, 214 Ala. 345, 107 So. 843.

The submission eventuating in the decree from which the former appeal was taken, it appears, was on the pleadings and testimony taken orally before the court, and after remandment the case was submitted on agreement without additional proof.

The effect of the testimony is stated in the opinion of the court on the former appeal, and on this evidence we are not of opinion that the decree appealed from should be disturbed.

It is the opinion of the writer that the statute, Code of 1923, § 7418, providing that, "if the wife has no separate estate, or if it be insufficient for her maintenance, the judge, upon granting a divorce, must decree the wife an allowance out of the estate of the husband, taking into consideration the value thereof and the condition of his family," contemplates that, when the relation of husband and wife is severed by a decree of absolute divorce, the rights of the parties should, in the absence of contract settlement, be definitely settled on the basis of their respective holdings of property. If the earning power of the parties may be considered—as some of the cases indicate (Farrell v. Farrell, 196 Ala. 167, 71 So. 661; Epps v. Epps, 218 Ala. 667, 120 So. 150)—it should be considered then, and the controversy between the parties finally determined and fixed.

If alimony is decreed in installments, on the basis of the property holdings of the parties and the earning power of the divorced husband, the decree should fix a definite time for a full discharge of the obligation.

To my mind it was never contemplated that this statute authorizes a court of equity to tie "a millstone" about the divorced husband's neck in the form of a decree compelling perpetual periodical payments; in such suit, if he becomes unable to pay, as to keep him within the shadow of the county jail.

If the law justifies such results, in my judgment it should be corrected by appropriate legislation.

We find no reversible errors in the decree.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.