54 So.2d 554

## RICH v. RICH.

I Div. 437.

Supreme Court of Alabama.

Oct. 18, 1951.

Caffey, Gallalee & Caffey and Vivian G. Johnston, Jr., Mobile, for appellant.

Bart B. Chamberlain, Jr., Mobile, for appellee.

STAKELY, Justice.

This case presents a situation where Nola Rich (appellant) was granted a decree of divorce from her husband Fred Rich (appellee) but was denied any allowance of alimony. Assignments of error are based on this denial.

Nola Rich filed her original bill for separate maintenance against Fred Rich. He filed a cross-bill in which he sought a divorce and asked for a sale for division of the house and lot held by them as tenants in common. She then amended her bill so as to seek an absolute divorce, alimony and solicitor's fees. Issue was joined by the parties on the amended bill of appellant and the answer and cross-bill of appellee with the result as aforesaid. In its final decree the court also allowed complainant a solicitor's fee of $175.00, awarded to her the household furnishings in the house subject to any lien thereon and directed a sale of the house and lot for division.

Under § 32, Title 34, Code of 1940 an award of alimony as an incident to the granting of a divorce is not mandatory. In the language of the statute "the judge trying the case, shall have the right to make an allowance to the wife out of the husband's estate, or not make her an allowance as the circumstances of the case may justify". We have said that the statute leaves much to the discretion of the trial court but this discretion is judicial and not arbitrary and is subject to review on appeal. Garlington v. Garlington, 246 Ala. 665, 22 So. 2d 89; Savage v. Savage, 246 Ala. 389, 20 So.2d 784; Sills v. Sills, 246 Ala. 165, 19 So.2d 521.

We have considered the evidence with care but no good purpose would be served by setting it out in detail. Under the evidence the court could find that the appellant through abuse of her husband and inattention to him did much to break up the home and cause him to leave. At times her language was scurrilous. He is now 57, is deaf and rheumatic and has nothing except his undivided one-half interest in the house and lot which the court ordered sold for division. She owns the other undivided one-half interest. The house and lot cost $4,000 in 1942 and at this time there is a mortgage on the property with an unpaid balance of $466.75. He is employed by the Alabama Dry Docks and Shipbuilding Company and at the time of the trial was earning $62 per week. From the evidence the court could find that throughout the marriage he gave all of his earnings to his wife except $5 which he deducted each week for such things as transportation to work, his lunch and cigarettes and that his money paid for the house. She never worked but according to her she receives money from time to time from her children by a former marriage.

The evidence was taken orally before the court. We are not willing to say that the court was palpably wrong. The decree will not be disturbed. Sills v. Sills, supra.

Affirmed.

LIVINGSTON, C. J., and BROWN and LAWSON, JJ., concur.