125 So.2d 1

Alma Stewart SANFORD

v.

David SANFORD.

3 Div. 933.

Supreme Court of Alabama.

Dec. 1, 1960.

J. O. Sentell, Jr., and Henry J. Harper, Montgomery, for appellant.

Floyd H. Mooneyham, Montgomery, for appellee.

LAWSON, Justice.

The appellant, Alma Stewart Sanford, was granted a divorce from her husband, David Sanford. She was awarded the custody of a seventeen-year-old daughter, for whose support the appellee was ordered to pay the sum of $30 per month to appellant. The appellant was awarded the personal property, such as household effects and furnishings, in a house at 368 Troy Street in the City of Montgomery. The appellant and appellee each have title to an undivided one-half interest in the house and the lot on which it is situated. No alimony was awarded appellant and no disposition was made of the jointly owned real property.

Alma Stewart Sanford has appealed. She has made three assignments of error. The first and third assignments of error are to the effect that the court erred in not awarding the entire interest in the real property to appellant. The second assignment of error is to the effect that the court erred in failing to make an equitable division of the real property.

■ In support of her first and third assignments of error appellant argues that the trial court should have awarded to her as alimony the one-half undivided interest which appellee owns in the real property.

Under § 32, Title 34, Code 1940, an award of alimony as an incident to the granting of a divorce to the wife because of the misconduct of the husband is not mandatory. In the language of the statute, "the judge trying the case shall have the right to make an allowance to the wife out of the husband's estate, or not make her an allowance as the circumstances of the case may justify." We have said that the statute leaves much to the discretion of the trial court, but this discretion is judicial and not arbitrary and is subject to review on appeal. Rich v. Rich, 256 Ala. 339, 54 So.2d 554.

The evidence has been carefully considered, but no good purpose would be served by setting it out in detail. Under the evidence the court could have found that the appellant, through abuse of her husband, did much to break up the home and cause him to leave. The husband owns an undivided interest in the house and lot. He owns about three head of cattle. He owns no other property. He is employed by Rhodes Furniture Company in Montgomery and at the time of the trial was earning $45.21 a week, out of which he must pay the child support award. He was forty-seven years of age at time of trial. The wife, the appellant, is forty-five years of age and earns $17.50 a week at a laundry.

■ We understand the appellant's insistence in regard to the second assignment of error to be that aside from any question of alimony, the trial court should have decreed that she have more than an undi-

vided one-half interest in the real property because she paid more than one half the purchase price. The evidence does show that the property was purchased with money earned by both parties, but the trial court would have been justified in concluding from the evidence that complainant did not pay more than one half of the purchase price of the property and the improvements made thereon. So apart from any other reason, we hold there is no merit in the second assignment of error.

The bill did not seek a sale of the real property for division.

■ The evidence was taken orally before the court. We are not willing to say that the trial court was palpably wrong. The decree will not be disturbed. Rich v. Rich, supra; Sills v. Sills, 246 Ala. 165, 19 So.2d 521.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.