147 So.2d 828

**John Foy DAVIS**

v.

**Marie B. DAVIS.**

**4 Div. 129.**

Supreme Court of Alabama.

Dec. 20, 1962.

J. Hubert Farmer, Dothan, for appellant.

Halstead & Whiddon, Abbeville, for appellee.

SIMPSON, Justice.

Appeal from a decree of absolute divorce rendered in the Henry County Circuit Court, in Equity. It appeared that prior to granting appellant the absolute divorce, a decree of divorce, a mensa et thoro, was rendered in favor of the wife, appellee here, awarding separate maintenance and support. This decree was modified and affirmed by this Court. Davis v. Davis, 255 Ala. 215, 50 So.2d 723.

The Register of the lower court held a reference and determined $100.00 per month was a reasonable amount to be paid appellee as permanent alimony. The decree of absolute divorce in favor of appellee affirmed the Register's report and the amount awarded was ordered to be paid to appellee. From this decree this appeal ensued.

The facts material to a determination of the appeal are:

Appellee is 63 years of age, in exceedingly poor health and unable to maintain a regular job. She receives constant medical attention having a regular expense of drugs and medications. Her annual expenses are listed at $1,339.30, which, it is claimed, do not include certain dental care and the expense of an impending operation. It appeared that the parties were married for some 20 years before the divorce. Appellee receives some $34.34 monthly as Social Security payments, and some $47.00 yearly from realty. She also has a bank account of some $425.00.

Appellant is 64 years old, having a heart condition, and being unable to perform strenuous labor. His income for 1957 was $2,930.00; for 1959 was $4,000.00; for 1960, $2,500.00; and for 1961, $4,100.00. Appellant believes that he will not be able to earn a livelihood for the rest of his life; his income will be only $1,500.00 to $2,000.00 yearly which will be from the sale of timber cut from land which was the estate of his father. Appellant's real and personal property was found by the Register to be worth $21,600.00.

■■ We may review the judicial discretion of the lower court in allowing permanent alimony and may revise it if found to be arbitrary. Pope v. Pope, 268 Ala. 513, 109 So.2d 521; Rich v. Rich, 256 Ala. 339, 54 So.2d 554; Sills v. Sills, 246 Ala. 165 (4, 6), 19 So.2d 521. However, the parties were before the lower court and testimony was taken orally; in such circumstances we will not set aside the decree of the lower court unless palpably wrong. Crittenden v. Crittenden, 256 Ala. 219, 54 So.2d 489; Cairnes v. Cairnes, 211 Ala. 342, 100 So. 317. The presumption remains even where a part of the evidence is taken by deposition and a part orally before the court. Meares v. Meares, 256 Ala. 596, 56 So.2d 661.

■ The finding of the Register on questions of fact must be accorded the same presumption (State ex rel. Sellers v. Locke, 208 Ala. 169, 93 So. 876; Mahone v. Williams, 39 Ala. 202 [11], 221) and it is generally stated to be subject to the same presumption as a jury's verdict when based on oral evidence. Adair v. Adair, 258 Ala. 293, 62 So.2d 437; State ex rel. Sellers v. Locke, supra; Garrett v. Snowden, 226 Ala. 30 (11), 145 So. 493, 87 A.L.R. 216. Such presumption, therefore, is indulged in favor of the report of the Register when reviewed by the lower court and this Court.

■ There is no fixed rule for the determination of an alimony award. It must depend upon all relevant factors, considered in the light of what is just and reasonable. The allowance ordinarily varies from half the husband's estate to a third or less

(Phillips v. Phillips, 221 Ala. 455, 129 So. 3), but where the husband is guilty of wanton or wicked conduct toward his wife, the allowance must be as liberal as the estate of the husband will permit under all the circumstances of the case. Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184.

The court may and should inquire into the earning ability of the parties and their probable future prospects, their age, sex, health and station in life; the duration of the marriage, the conduct of the parties with particular reference to the cause of divorce. Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89; Ortman v. Ortman, 203 Ala. 167, 82 So. 417.

The foregoing having been considered by the lower court in arriving at the permanent alimony award, there appears no error in this particular. We are not prepared to say that the decree of the lower court was palpably wrong, which we must do before we would be warranted in disturbing the decree. The rate of permanent alimony was reported to be reasonable by the Register and was so found by the lower court, so it must stand, the contrary not appearing.

We might add that when permanent alimony is allowed in monthly installments and if the circumstances of the parties change substantially, the court can make revisions in the monthly allowance to appellee as the substantially changed circumstances may warrant. Wells v. Wells, 230 Ala. 430, 161 So. 794; Epps v. Epps, 220 Ala. 592, 126 So. 862; Garlington v. Garlington, supra; Smith v. Rogers, supra.

The fourth Assignment of Error made by appellant was with reference to the final decree of the lower court placing a lien on all of the real estate and interest in real estate, situated in Henry County, Alabama, owned by appellant to secure payment of the permanent alimony. This was not error. The cases are numerous on the point that the court may secure payment of alimony by declaring a lien on the husband's property. Phillips v. Phillips, 221 Ala. 455, 129 So. 3; Smith v. Rogers, 215 Ala. 581, 112 So. 190.

Appellee was awarded $200.00 solicitor's fee in the trial court. A motion to allow compensation for her attorney on this appeal is made here. This Court exercising wide discretion has authority to compel appellant to pay a reasonable fee for legal services on this appeal. Davis v. Davis, 255 Ala. 488(13, 14), 51 So.2d 876; Walling v. Walling, 253 Ala. 337, 45 So.2d 6; Taylor v. Taylor, 251 Ala. 374; 37 So.2d 645; Steiner v. Steiner, supra; Phillips v. Phillips, supra.

Due to the outcome of the case and other factors we think the $200.00 awarded appellee's solicitors for services in the trial court was reasonable and $100.00 for services on this appeal to be reasonable, and it is so ordered.

Considering all the facts and circumstances in the case at bar, we are not prepared to say that the permanent alimony award is excessive. But viewed in any aspect, we are not persuaded the decree rendered should here be disturbed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.