171 So.2d 854

**Mary Kathryn WARD**

v.

**Roy A. WARD.**

**4 Div. 200.**

Supreme Court of Alabama.

Jan. 21, 1965.

Rehearing Denied Feb. 25, 1965.

J. Hubert Farmer, Dothan, for appellant.

W. R. Martin, Ozark, for appellee.

SIMPSON, Justice.

Appeal from a decree of the Circuit Court of Dale County, Alabama, in Equity, granting appellant (wife) an absolute divorce and awarding her certain property and monthly alimony payments. The only assignments of error insisted upon by appellant relate to these awards. She contends they were insufficient.

The lower court awarded appellant, as permanent alimony, a $12,500.00 lump sum settlement and in addition the sum of $100.00 per month. The only question presented by this appeal is whether the amounts allowed appellant by the lower court were so palpably wrong or unjust as to constitute an abuse of its discretion.

The evidence tended to show the following:

Appellant is a school teacher in the public schools in Ozark, Alabama, earning approximately $334.00 per month during the school year, her only property consisting of an automobile under a mortgage and certain household effects. Appellant testified that over the years she spent her salary in helping to maintain a home as well as her daughter by a former marriage, and on appellee's two children by a former marriage.

Appellee was shown to own a home in Ozark worth $25,000.00; an equity in a dwelling in Montgomery, having paid $1,000.00 down and fifty to sixty payments of $80.00 each; a one-half interest in a laundry and dry cleaning business in Ozark worth some $4,000.00; a one-half interest in a farm valued at some $4,000.00 upon which he receives $40.00 per month rent; a vacant lot in Ozark worth about $200.00; some shares of stock in Ozark Mutual worth $1,100.00; and other small amounts of stock in other businesses. Appellee testified that appellant used her salary for herself and her child and contributed nothing therefrom for the benefit of the home other than small expenses. He further testified that his dry cleaning establishment was getting practically no business from

Ozark, that the building housing it is in very poor repair, along with the dry cleaning machinery, that the land in the county is mortgaged for an amount exceeding its worth, that the house in Montgomery has badly deteriorated and the indebtedness thereon is equal to its value.

It is therefore clear that the evidence on the value of the estate of appellee is quite conflicting and the lower court, having taken the case partly on oral testimony and partly by depositions, the usual presumption in favor of its correctness prevails. Davis v. Davis, 274 Ala. 277, 147 So.2d 828.

True, the discretion of the lower court with regard to the award of permanent alimony for the wife is subject to review on appeal and may be revised if found to be arbitrary. Sills v. Sills, 246 Ala. 165, 19 So.2d 521; Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89; Thomas v. Thomas, 233 Ala. 416, 172 So. 282; Sharp v. Sharp, 230 Ala. 539, 161 So. 709. Yet, in determining what alimony the husband is to pay, consideration must be given to the fact that the trial court saw and heard the parties testify. Adams v. Adams, 229 Ala. 588(9), 159 So. 80.

We are not prepared to say the lower court abused its discretion in the awards made to appellant as alimony. In the light of the testimony as to appellee's assets and worth, it would seem the awards were fair and reasonable, even taking the testimony most favorable to appellant.

It was stated in Davis v. Davis, supra, as follows:

"The court may and should inquire into the earning ability of the parties and their probable future prospects, their age, sex, health and station in life; the duration of the marriage, the conduct of the parties with particular reference to the cause of divorce. Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89; Ortman v. Ortman, 203 Ala. 167, 82 So. 417.

"The foregoing having been considered by the lower court in arriving at the permanent alimony award, there appears no error in this particular. We are not prepared to say that the decree of the lower court was palpably wrong, which we must do before we would be warranted in disturbing the decree."

So say we here. We cannot say that the ruling below was palpably wrong or unjust.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.