176 So.2d 244

Delma JORDAN et al.

v.

Orrie Jordan ELLIS.

4 Div. 169.

Supreme Court of Alabama.

June 3, 1965.

John C. Walters, Troy, for appellants.

W. R. Martin, Ozark, for appellee.

COLEMAN, Justice.

Respondents appeal from decree granting prayer that one hundred twenty acres of land be sold for division of proceeds among tenants in common and denying respondents' prayer for an accounting.

The case presents the unhappy aspect of a lawsuit with a mother on one side and her eight children on the other.

The mother, who is complainant, and her husband owned the land in equal shares when husband died in 1946. Four of the children were minors at that time. The land was mortgaged. The mother continued to live on the land, made payments on the mortgage, and reared the minor children. In 1956, she married again and moved off the land.

It is stipulated that the mother has received $1125.00 for rent and $88.00 for pulpwood during the years 1954, 1956, 1957, and 1958. The court states in final decree that "The evidence shows that the widow collected some $2000.00 rent from the land, from 1947 until 1962."

The mother testified that two of the sons sold some of the timber for $400.00, paid off the mortgage, gave the mother $27.40, and kept the balance which was $200.00.

Respondents contend that the court erred in deciding that the land could not be equitably partitioned in that the court so found because there were eight children, each owning one-sixteenth, and the mother owning one-half.

Complainant has not filed a brief in this court.

The decree recites:

"It is the opinion of the Court, and, it so finds, that the land described in the bill of complaint is owned jointly and as tenants in common by the complainant and respondents, that the complainant owns an undivided one-half interest in the land and the respondents each own an undivided one-sixteenth interest therein. It is further the opinion of the Court that said land cannot be equitably divided nor partitioned in kind and that a sale for division thereof is necessary in order to perfect an equitable division of the proceeds."

Respondents contend that the court failed to give effect to the doctrine which has been expressed as follows:

"Two or more tenants in common may unite in a bill against another co-tenant, and may jointly elect to consider their several moieties as one moiety, and to have it set apart to them as one undivided fractional share of the whole.—Donner v. Quartermas, 90 Ala. 164, 8 South. 715, 24 Am.St. Rep. 778; Freeman on Co-Tenancy, § 459; 30 Cyc. 240–261. . . ." Smith, et al. v. Hill, 168 Ala. 317, 323, 52 So. 949, 950.

See Hall v. Hall, 250 Ala. 702, 704, 35 So. 2d 681.

Respondents contend that the court should have determined that the land could be equitably divided into two parts so that one part could go to the mother and the other part to the eight children jointly.

The decree does not state why the land cannot be equitably partitioned. The court does not say that partition in kind must be denied because the land cannot be equitably divided into one-half and the other half further divided into eight parts so that each respondent shall receive one-sixteenth. For aught that appears, the court found that the land cannot be equitably divided into two parts equal in value.

■■ Under the rule that error will not be presumed, we must presume that the court's finding is that the land cannot be equitably divided into two parts of equal value. Because the testimony was heard ore tenus, we must review the evidence and decide whether the trial court was plainly and palpably wrong in deciding that the land cannot be equitably divided into two equal parts.

■ In order for the chancery court to sell land for division among joint owners, it must be averred and proven that it cannot be equitably divided. Smith, et al. v. Hill, supra; Littledale v. Brush, 240 Ala. 566, 200 So. 411.

■ The burden of proof is on him who asserts that an equitable division cannot be made in kind. Compton v. Simmons, 223 Ala. 352, 135 So. 570.

On the issue whether the land can be equitably divided into two parts of equal value, the evidence is meager.

George Dunn testified that in his judgment, there is no way you could divide the place into nine parts whereby one part would be equal to all the other eight; that you could let a surveyor divide the land half one way and half the other but "As to the value on each side, I don't know"; that if you take a surveyor and divide the land equal it wouldn't mean it was equal in parts, that you could make a fair division of the land but "They would have to ride out over somebody's land to get to their part."

The mother testified:

"Q In your best judgment is there any way in which two or three men or anybody could go out there and divide that place into, not necessarily in nine equal parts, but divide it into nine parts whereby the value of one part would be equal to the eight other parts?

"A No, sir, I tell you why, the biggest part of it is in branches; don't never go dry, never has been dry but one time since we lived on it. The pasture is just boggy people can't even cut the timber, it's so boggy they can't get it out and for that reason it can't be divided.

"Q Is there not any way it can be divided?

"A No, sir, because it wouldn't give one justice. Some would have to take in the branches and what good would it be to them, just that branch. There is timber up in that branch, just some hardwood, gum timber.

"Q Then the house is situated so that somebody would get a branch and somebody would get a house, it couldn't be divided in equal parts?

"A Two houses on this side of the highway. There is one out there in front; one on the other side of the road and one down below.

" . . . . . . . .

"Q Now, Mrs. Ellis, this 120 acres of land, if one man or three men or if the court appointed somebody to go out there to divide it, don't you think that land, even though they gave you more, could be divided into two fairly equal parts in value?

"A No, sir, I don't, because most of it is in the branch. The best land is above the house and the little patch across the creek and the rest is in hills, gulleys, and pastures.

"Q If they was to give you all of the houses and the best land that would be more than half wouldn't it?

"A I had rather just sell where they can all have their shares like we should have.

"Q If they were to give you the best land and all of the houses that would be more than the value of rest of it wouldn't it?

"A I don't know, there ain't no house there no good without the land.

"Q There ain't no houses there no good?

"A No.

"Q Well, if they give you the best land then and give them the sorry land, so to speak, the best land would be more valuable than the . rest wouldn't it?

"A The best land would be the value of the place.

"Q And if they give you all of that why, they could do that couldn't they? That would be two parts wouldn't it?

"A I reckon so.

"Q That could be done couldn't it?

"A It could but, they sure wouldn't have nothing.

"Q Well, if they didn't have nothing, if they were satisfied with it, it could be done couldn't it?

"A It could but, it couldn't be equally divided."

The children who were in court testified that the land can be equitably divided into two parts; that "I think one acre is as good as another."

■ The trial court evidently accepted the testimony of the mother and rejected that of the children. While we might not necessarily reach the same conclusion if the question were before us to decide, we are not persuaded that the trial court's finding is plainly and palpably wrong.

The decree ordering sale for division is affirmed.

Respondents assert that the court erred in holding that they did not have a lien, or claim on the land, for the expenditures claimed or shown by the evidence. They argue that the court should have ordered an accounting.

As to accounting, the decree recites:
"Speaking now to that part of complainant's bill which seeks an accounting against two of the respondents for the sale of pulpwood, the evidence does show that some pulpwood was sold by by some of the respondents, but the evidence further shows that they paid a portion of it to retire the Federal Land Bank mortgage and made some distribution of some of the remaining. It is

not certain by any means how much timber, if any, was sold by the respondents. The balance would be inconsequential. It is the opinion of this Court that neither of these parties should be held to account to any of the other parties in this cause for any rents, income or sale of timber mentioned in these pleadings or in the testimony."

The decree also recites:

". . . . The bill of complaint, as last amended, claims no homestead or homestead right on the part of the widow. It is simply a bill of sale for division with prayer in the bill and cross bill for an accounting of the parties."

■ In this posture, the suit is simply one between tenants in common. The general rule is that where a court of equity assumes jurisdiction of a cause, the court will retain the bill and do complete justice. Comer v. Limbaugh, 256 Ala. 655, 660, 57 So.2d 72.

"It is well understood, and not here controverted, that in a suit for partition the claim by some of the cotenants that others should account for rents collected may be determined, and if found to exist charged against them on distribution. (Citations Omitted.)

". . . . . . . .

"In that connection we note the principle well settled in Alabama, that 'where one tenant in common actually receives rents for the common property from those to whom he rents it, he may

be compelled to account for such profits actually received.' (Citations Omitted.)" Rehfuss v. McAndrew, 250 Ala. 55, 56, 57, 33 So.2d 16, 17.

In a suit for sale for division, this court said:

". . . . Having assumed jurisdiction of the subject matter, it is not only the right but the duty of the court to settle all equities and adjust all claims arising out of or affecting the interests of the parties in the subject matter involved or relating to the same property. (Citations Omitted.)" Moore v. Moore, 255 Ala. 393, 399, 51 So.2d 683, 688.

■ The evidence shows that the mother received rents and proceeds of sale of trees and that two sons received proceeds of sale of trees. It may be that on a final accounting the balance due from any party to another will be small, but we do not understand why the respondents are not entitled to have an accounting if they insist upon that right. We are not unaware of considerations which militate against respondents insisting upon that right, but we think they have it and that the court erred in denying it.

The decree is reversed in so far as accounting is denied, and the cause is remanded with directions that the court proceed to have an accounting if respondents desire it.

Affirmed in part.

Reversed in part and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.