215 So.2d 718

W. Max LEE

v.

Sara M. LEE.

4 Div. 328.

Supreme Court of Alabama.

Nov. 14, 1968.

Jos. P. Hughes, Geneva, for appellant.

Kelly & Knowles, Geneva, for appellee.

KOHN, Justice.

Appellant, W. Max Lee (complainant below) filed a bill of complaint in the circuit court of Geneva County, in equity, on May 31, 1967, seeking a divorce from appellee, Sara M. Lee (respondent below), on the ground of voluntary abandonment.

On June 26, 1967, respondent (appellee) interposed demurrer to the bill of complaint, and on July 14, 1967, the demurrer was overruled.

Respondent (appellee) next filed an answer and cross-bill on August 16, 1967, in which she prayed for a divorce from the complainant (appellant) on the ground of voluntary abandonment and other relief.

On October 2, 1967, complainant and cross-respondent (appellant) filed a motion to strike certain portions of the answer and cross-bill, among which that portion pertaining to the awarding to respondent and cross-complainant (appellee) "two gas heaters and gas tank presently in the possession of the respondent and cross-complainant at the home of her mother in Noma, Florida."

The court entered an order on November 15, 1967, granting complainant and cross-respondent's (appellant's) motion to strike certain portions of the respondent and cross-complainant's cross-bill, including the above referred to "two gas heaters and gas tank."

The trial court sustained the demurrer filed by complainant to the cross-bill on November 15, 1967.

On December 15, 1967, respondent and cross-complainant (appellee) filed her amended cross-bill, and on January 26, 1968, complainant (appellant) filed an answer thereto.

No further pleadings were filed in the cause.

Submission was had on complainant's (appellant's) bill of complaint, respondent's (appellee's) answer and cross-bill, complainant's answer to the cross-bill, and on oral testimony taken in open court. The trial court entered a decree on March 5, 1968, granting a divorce to Sara M. Lee (appellee) on grounds of voluntary abandonment, and ordering complainant (appellant) to pay to respondent (appellee) alimony in the amount of $100 per month. In addition, appellee was awarded "two gas heaters and a gas tank," and certain other personal effects and relief, not related to this appeal.

Appellant bases his appeal on two primary contentions. First, appellant alleges the decree recites that the cause was submitted on complainant's bill of complaint, respondent's answer and cross-bill, complainant's answer to the cross-bill, and on oral testimony taken in open court. But, the appellant claims that the record discloses that the cause was actually submitted on complainant's bill of complaint, respondent's answer and respondent's *amended* cross-bill, complainant's answer to the *amended* cross-bill, and on oral testimony.

█ Appellant insists that the lower court mistakenly based its decree on a cross-bill on which a motion and demurrer had been made and sustained. We do not think this point is well taken, because the trial court may have called the *amended* cross-bill, a cross-bill, when, as a matter of

fact, after a demurrer to the original cross-bill was sustained, the *amended* cross-bill became the cross-bill, regardless of what it may have been termed. Therefore, it is reasonable to conclude that the trial court had, as a basis for its decree, the *amended* cross-bill, the only cross-bill in existence at that time since the demurrer had been sustained to the first cross-bill.

We do not think, as to the first contention raised by appellant, that because the trial court may have called the *amended* cross-bill, a cross-bill, has any significance. As we earlier stated, it was the only cross-bill before the court at the time of submission. Therefore, we cannot assume that the court ignored the *amended* cross-bill that was before the court on submission, and based its decree on the original cross-bill, which was not before the court, for the fact that a demurrer thereto had been sustained, and certain aspects of the original cross-bill had been stricken on motion.

By analogy, under the theory that a correct decision will not be disturbed because the court gave a wrong or incorrect reason therefor, we think, is authority for the fact that, even though the court may not have given the correct technical name to the cross-bill, this should not affect the conclusion of the court. Cherokee County v. Cunningham, 260 Ala. 1, 68 So.2d 507.

As to appellant's contention relating to the two gas heaters and the gas tank, we hold that since nothing relative thereto was in the *amended* cross-bill, submitted to the court, and no testimony appearing in the record concerning the two gas heaters and gas tank, that part of the decree is erroneous and should be deleted.

Decrees are construed like any other written instrument, and it is proper to look to the record and pleadings to interpret a decree. Johnson v. Harrison, 272 Ala. 210, 130 So.2d 35. Brown v. Brown, 276 Ala. 153, 159 So.2d 855.

Under the rule that error will not be presumed, we must presume that the court's finding was upon the *amended* cross-bill, and it is obvious from the record that it was submitted on the *amended* cross-bill. Jordan v. Ellis, 278 Ala. 116, 176 So.2d 244.

The next important contention raised by appellant was that the decree, in favor of appellee on the grounds of voluntary abandonment, should not have been rendered against the appellant under the evidence as to the divorce and monied allowance.

It is a rule that this court may review the judicial discretion of the lower court in awarding alimony, and may revise if found to be arbitrary. Davis v. Davis, 274 Ala. 277, 147 So.2d 828, 1 A.L.R.3d 1.

Here, we find nothing in the record disclosing any arbitrariness on the part of the lower court. The lower court's decree awarding alimony, after oral testimony was taken in open court, should not be set aside unless palpably wrong. We think the court's decree is correct, abiding by the principles governing this appeal. Davis v. Davis, supra; Frazier v. Frazier, 273 Ala. 53, 134 So.2d 205.

We hold that the allowance of alimony to appellee, under her cross-bill, was sustained by the evidence, but that part of the decree relative to the two gas heaters and gas tank is not supported by the evidence.

The decree of the trial court is modified to delete that portion of the decree awarding the two gas heaters and gas tank to the appellee, and otherwise affirmed. The decree as modified is affirmed.

Modified and affirmed.

LIVINGSTON, C. J., and COLEMAN and HARWOOD, JJ., concur.