BRADLEY, Judge.
This appeal is from a final divorce decree and division of property rendered by the Circuit Court of Lawrence County. After the procedural phase of the divorce action, a hearing was held ore tenus and the circuit court divorced the parties on the grounds of incompatibility of temperament. The court ordered that the couple’s jointly-owned property be partitioned and sold, and that the proceeds from the sale be divided equally between the parties. The court allowed the wife (Margaret Goodwin) to retain the automobile which she used during the marriage. In addition, she was awarded all of the money contained in the parties’ joint savings account. At the time of the divorce the savings account contained $2,027.33. The husband (Charles Goodwin) received the mobile home in which the couple had resided prior to their divorce. He was also awarded the household furnishings and all the farming equipment used in his part-time farming operation. From the trial court’s decree the husband appeals, contending that the division of the common *473 estate of the parties was arbitrary and excessive.
The record before us discloses that the parties were married in 1971. Their marriage did not produce any children. During the course of their marriage both the husband and wife worked at employment outside of the home. In November of 1973 they purchased eighty-seven acres of farmland. Both parties contributed to the purchase price of this land and they held it in joint ownership.
After the purchase of this property the husband began to work at two jobs. He farmed the land during the day and at night he worked the second (or third) shift at a factory. The fact that the husband worked long hours prevented him from spending very much time with his wife. She was unhappy with this situation and began to see another man, although there was no competent testimony or evidence to indicate that she did anything with this man but discuss her marital problems.
The strain of the husband’s work habits and the fact that his wife told him of her meetings with the other man eventually caused the couple to decide to obtain a divorce. Pursuant to this decision, the wife agreed to sell her one-half interest in the eighty-seven acres of property to her husband for $3,000. The couple entered into an agreement to this effect at their lawyer’s office and the divorce papers and deed conveying the wife’s interest in the property to her husband were completed and signed. Shortly thereafter, however, the parties reconciled and began to live together again as husband and wife.
Once they re-established their marital relationship, the husband telephoned his attorney’s office in an effort to determine if the divorce was effective. He was informed by an employee at the lawyer’s office that the divorce papers and the deed would be destroyed and that neither he nor his wife needed to take any further action in order to regain their relationship as husband and wife.
Despite their reconciliation, the parties continued to experience marital difficulties. These problems were due in large part to the husband’s inability to forgive his wife for what he believed to be her “affair” with the man she had been meeting prior to their original breakup. Consequently, by the summer of 1976 the couple was once again contemplating divorce.
In addition to their marital difficulties, the wife learned approximately eleven months after their attempted reconciliation that the husband had not had the original divorce agreement set aside and that he still held sole ownership to the eighty-seven acre tract of land despite the fact that he had never paid his wife the $3,000 purchase price for her half interest in that tract.
The husband’s position on this appeal is that the wife conveyed her interest in the couple’s jointly-owned property to him pursuant to an agreement made in conjunction with their original divorce. Thus, he argues that the trial court’s action in awarding the wife a one-half interest in the property upon the termination of the parties’ marriage for the second time was arbitrary and constituted an excessive property division. The husband also contends that the trial court erred in declaring that the deed conveying the wife’s interest in the eighty-seven acre tract was void and in its finding that the property was still jointly-owned by the husband and the wife. However, we cannot accede to any of the husband’s contentions.
Regardless of whether the trial court voided the conveyance of the wife’s interest in the property, the court in granting the divorce had the authority to make a property division between the parties or award the wife alimony in gross. And such action by the court was a matter within its discretion according to the circumstances of the case. Davis v. Davis, 274 Ala. 277, 147 So.2d 828, 1 A.L.R.3d 1 (1962). Moreover, a property division or award of alimony in gross will not be revised or reversed on appeal in the absence of palpable abuse of the trial court’s discretion. Mitchell v. Mitchell, Ala.Civ.App., 351 So.2d 602 (1977). In the instant case, the trial court ultimate *474 ly determined that the wife was entitled to one-half the proceeds from the sale of the eighty-seven acre tract of land. From the record before us we are not persuaded that the court’s decision in dividing the property in this manner constituted a palpable or clear abuse of its discretion. Accordingly, we affirm the judgment of the trial court and the property division made thereunder.
The wife has moved this court to award an attorney’s fee for the services performed by her attorney in defending the appeal brought by her former husband. We consider $300 to be a reasonable fee in this matter and thereby award the wife’s attorney the sum of $300 for the services performed on behalf of his client, Margaret Goodwin.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.