BRADLEY, Judge.
This is a divorce case.
Elizabeth Ann Taylor and Thomas Harmon Taylor were married in February 1981 for the fourth time. Their first marriage was in 1971. Both parties had children from previous spouses. They had one child from their marriage. On May 4, 1982 the wife filed a complaint for divorce in the Mobile County Circuit Court. She alleged incompatibility and irretrievable breakdown of the marriage. She requested, among other things, custody of the parties’ child, periodic alimony, alimony in gross, and attorney fees. The husband filed an answer and counterclaim in which he alleged fraud and requested custody of the child.
A trial was held and on November 17, 1982 the court rendered its judgment. The wife was awarded $6,000 as alimony in gross. Custody of the parties’ minor child was awarded to the husband with visitation rights given to the wife. The husband was made responsible for payment of the bills incurred prior to separation and all the wife’s dental bills resulting from a dental problem which occurred during the marriage. Each party was allowed to retain the real and personal property owned by each prior to this marriage. The husband was ordered to pay $3,700 as attorney fees for the wife’s attorney. No periodic alimony was awarded.
The wife appeals and raises three issues. The first issue is whether the trial court erred in awarding custody of the child to the husband. The second issue is whether the trial court abused its discretion in failing to award periodic alimony to the wife. The final issue raised is whether the trial court abused its discretion in the award of alimony in gross and the division of property-
As to the first issue concerning custody, the wife argues that the child’s best interests will be served if she is given custody of the child. Although she admits the husband could meet the child’s material needs, she claims the child’s emotional needs are best served by granting custody to her. The husband presented damaging testimony at trial about the wife’s moral fitness. The wife asserts that according to our decision in Nesmith v. Nesmith, 419 So.2d 247 (Ala.Civ.App.1982), a parent should not be denied custody for every act of indiscretion.
We note that the award of custody of a child is a matter addressed to the sound discretion of the trial court. Dowdle v. Dowdle, 402 So.2d 1023 (Ala.Civ.App.1981). The paramount consideration in custody matters is the child’s best interests and welfare. Ex parte Hilley, 405 So.2d 708 (Ala.1981). After the trial court hears the testimony and renders its judgment in a custody matter, this court, in reviewing the decision, presumes that the trial court correctly applied its discretionary authority and adjudged the best interests of the child. We will not reverse that judgment unless it is so unsupported by the evidence as to appear plainly wrong. Barber v. Lay, 384 So.2d 1095 (Ala.Civ.App.), cert. denied, 384 So.2d 1096 (Ala.1980).
The evidence is without dispute that the husband is a fit and capable parent. The evidence is in dispute as to the fitness of the wife to be the custodian of the parties’ child. In view of this state of the evidence, we cannot say that the award of the child’s custody to the father was an abuse of the trial court’s discretion.
The wife next argues that the trial court erred by failing to award periodic alimony. She claims she has little prospect for employment in the future and that she has little education. The wife was receiving $1,200 per month as alimony and child support prior to her remarriage to Thomas Harmon Taylor in February 1981. She contends that the trial eourt should have reinstated this prior alimony and child support award. The wife asserts that the husband, a surgeon, has the ability to pay alimony.
*271 “An award of alimony as incident to the granting of a divorce is not mandatory but at the discretion of the trial court. Rich v. Rich, 256 Ala. 339, 54 So.2d 554 (1951); Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89 (1945). Misconduct of a wife, even though not grounds for a divorce, may be considered as in a measure abridging her claim to an allowance of alimony. Owens v. Owens, 281 Ala. 239, 201 So.2d 396 (1967); Sanford v. Sanford, 271 Ala. 508, 125 So.2d 1 (1960).”
Plaskett v. Plaskett, 348 So.2d 784 (Ala.Civ.App.), cert. denied, 348 So.2d 789 (Ala.1977).
There was no error in the trial court’s refusal to grant wife periodic alimony.
The wife also contends that the trial court erred in its division of the parties’ property and in the amount of alimony in gross awarded. She argues that she should have received $50,000 rather than the $6,000 which the trial court awarded to her.
The trial court has wide discretion in making a property division and in awarding alimony in gross. Sharretts v. Sharretts, 408 So.2d 125 (Ala.Civ.App.1981). The division of property does not call for an equal division but only an equitable division. Weeks v. Weeks, 373 So.2d 848 (Ala.Civ.App.1979). In making an alimony in gross award, the trial court should consider the parties’ age, health, the length of their marriage, the parties’ future prospects, the source of their common property, and, in appropriate cases, the conduct of the parties with reference to the cause of the divorce. King v. King, 367 So.2d 492 (Ala.Civ.App.1979).
The testimony at trial showed that the wife had worked as a nurse’s aide and had operated a dress shop. She had an eleventh grade education and was forty-three years old. Although the wife had experienced major dental problems during the past several years, the wife’s state of health was good. The wife owned the home she was living in at the time of the trial. She also owned a rental home, two waterfront lots in Baldwin County and two lots on Airport Boulevard in Mobile. These unimproved lots were acquired from the husband in a prior divorce proceeding. In view of this evidence, the short time the parties were married, and the wife’s conduct during the marriage, we find the evidence failed to establish that the court abused its discretion in its award of alimony in gross and property division. The decree of the court is affirmed.
The wife’s request for attorney fees on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.