35 So.2d 681

## HALL v. HALL et al.

ι Div. 702.

Supreme Court of Alabama.

May 20, 1948.

Rehearing Denied June 17, 1948.

W. Marvin Scott, of Cullman, for appellant.

Ernest Galin, of Cullman, for appellees.

FOSTER, Justice.

Appellant in this case owns an undivided one-fifth interest in a forty acre farm, and by a crossbill to a bill seeking a sale for division, is trying to have a court of equity set apart to him eight acres of the forty, being one-fifth of the total in area, and embracing the home place and appurtenances, leaving the balance of the forty, or thirty-two acres, to be sold for division among the other tenants in common, offering to pay a proper amount as owelty for the benefit of the other heirs so as to adjust their shares respectively, to be equal in value to that of the eight acres sought to be set aside for himself.

The court on hearing the evidence taken in open trial found as follows: "That there are multiple parties entitled to share in said land or the benefits therefrom, and are joint owners thereof; and that the improvements, buildings, etc., are located on eight acres of land situated more or less in the center of said forty acres of land; and the court is of the further opinion that said eight acres of land with the buildings and improvements thereon cannot be partitioned to the defendant, Lester C. Hall, and owelty allowed to the other co-owners with any degree of accuracy as to an equitable finding, this forty acres of land being a farm unit and, if the improvements are removed from the center thereof, the court is unable to ascertain and does not attempt to assess a valuation of the balance of said property, the evidence being weak and contrary on said point; and therefore the court holds that the same cannot be partitioned with owelty and equity, fairness and justice done in the premises; hence the dismissal of the crossbill."

The land was owned by the complainants and the respondent, so that including respondent, three of them each owned an undivided one-fifth interest, two each an undivided one-tenth interest, and five each an undivided one-twenty-fifth interest.

Regardless of said facts, as found by the court, appellant contends that as a matter of equitable right he should have set-off to him on his demand the eight acres comprising the dwelling and outhouses, if he pays into court for the others an amount as owelty enough to equalize the value of their interest to him under the authority of section 190, Title 47, Code, and decisions of this court and others on the subject.

Let it be said in the first place that he has no more claim to that area than any of the others. He made none of the improvements. He has occupied it since the death of the ancestor, and has kept up the repairs without paying rent. His contention would be no less than a requirement that the court make a private sale to him of the said eight acres, and a public sale of the balance, when he has no more claim on the eight acres than the other tenants in common.

■■ Section 190, Title 47, supra, contemplates an equitable partition of the entire tract, so that each will receive a portion of land of equal value to that of the others in proportion to their interest. If the land is such as that to make a partition equal one or more must get a tract of more value than the others that excess in valuation can be adjusted in equity by paying owelty. But that statute does not obtain unless the entire tract can be thus partitioned.

The case of Smith v. Hill, 168 Ala. 317, 52 So. 949, sustains the view that sometimes in a partition suit the separate owners of the fractional interests may consolidate their claims, and, if found equitable, the court may setoff to them jointly their proportionate share, and to the others each their respective shares. In that case, complainant owned a seven-twelfths interest. The respondents equally owned five-twelfths. They sought to have five-twelfths setoff to them with owelty, leaving seven-twelfths intact for complainant. That was held to be permissible, since it was equitable.

In the case of Hollis v. Watkins, 189 Ala. 292, 66 So. 29, two brothers owned the land, and each resided on it with his family. Each had a separate settlement and residence. Both of them died. One left a widow and no children: the other left a widow and six children. The court held that the widow and six children had a right to have the land divided in two equal parts, one for each family, and "Under the facts in this case, an actual partition of the land is unnecessary, as equity can be done by setting aside the homestead of the widow of the brother leaving children, and by setting aside to her for her life by metes and bounds one-sixth of the entire tract as dower, and then selling the remainder of the land for division between the widow of the first brother dying without issue, and the children of the second brother, paying to the widow of the first brother out of such proceeds the value of her dower and homestead rights, and dividing the remainder, after payment of indebtedness, among the children."

A similar case was Upshaw v. Upshaw, 180 Ala. 204, 60 So. 804. In Donnor v. Quartermas, 90 Ala. 164, 8 So. 715, 24 Am. St.Rep. 778, there were three tenants in common in equal proportion. It was held that two of them could unite and have a two-thirds interest set apart to them jointly, and the one-third to the other tenant.

We have no cases in Alabama which discuss appellant's contention. · Some other states having statutes similar to ours hold that a court of equity has the power to allot to a tenant in common his share in kind when there is some special reason for so doing, and to sell the balance for division if it cannot be divided equitably without a sale, but that it must be done only when that procedure would not work injury to others in the sale thus to be made. Bragg v. Lyon, 93 N.C. 151, 153; Haywood v. Judson, 4 Barb., N.Y., 228.

As to some statutes which authorize an allotment in kind of some and a sale of the balance, it was held that this could be done only when it would not materially affect the saleable value of that to be sold. Prewitt v. Hurt, 178 Ky. 526, 528, 199 S.W. 33; Connor v. Cox, 22 S.W. 605, 15 Ky.Law Rep. 140; Lucas v. Peters, 45 Ind. 313; Lake v. Jarrett, 12 Ind. 395.

Other similar statutes have not thus been construed. In Stewart v. Tennant, 52 W.Va. 559, 567, 44 S.E. 223, and Jackson v. Jackson, 110 Va. 393, 399, 66 S.E. 721, it was held that a statute which authorizes an allotment of some and a sale of the remainder means that what is allotted must be divided among all those entitled to it, and that the proceeds of what is sold must be distributed among all those entitled to it, and that in the absence of consent, the share of one or two tenants in common could not be allotted in kind to them and the balance, which could not be equitably

divided, sold for division among the tenants in common.

 The power of a court of equity in this state to sell for partition is statutory. Donnor v. Quartermas, supra; section 186, Title 47, Code. Neither that nor any other statute in this state makes express provision for allotting a part of a tract, and selling the remainder which cannot be equitably divided without a sale. But that statute confers broad powers on such a court "to divide or partition, or sell for partition," and "proceed according to its own practices in equity." But it is well understood that the power of a court of equity to sell for division is tied in with section 210, Title 47, Code, so that to justify a sale in equity, the situation must be such as that the land cannot be equitably divided without a sale for that purpose. It must be partitioned without a sale, if that procedure can be done equitably. Smith v. Hill, 168 Ala. 317, 52 So. 949; Compton v. Simmons, 223 Ala. 352, 135 So. 570.

We believe that the broad powers given by statute to a court of equity to be pursued on equitable practices would justify the court in allotting a part of the land to one tenant in common if he has improved it or there is some other special equitable reason for doing so, and if to do so would not affect the saleable value of the balance, and that the balance could then be sold if it could not be equitably divided without a sale. This is in line with the principle that if one tenant in common deals with the property as if he were the sole owner by erecting improvements on his own account without embarrassing his co-owners or any intention of gaining advantage, he will be allowed on partition to retain the improved part if that would not prejudice the rights of his co-owners. Ferris v. Montgomery Land & Imp. Co., 94 Ala. 557, 10 So. 607, 33 Am.St.Rep. 146.

We see no reason why this equitable right should be limited to a situation where the residue is to be partitioned in kind. Why not extend it as some cases do to a situation where the residue cannot be partitioned but must be sold? But to do so would not aid this appellant since he has not made the improvements in question and has no other equitable claim to have the eight acres allotted to him, and since to do so would probably affect the saleable value of the residue.

We think the court properly denied relief to appellant on the crossbill.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.