53 So.2d 546

**MEADOR et al. v. MEADOR.**

6 Div. 246.

Supreme Court of Alabama.

June 28, 1951.

Moore & Alford, Winfield, for appellants.

Fite and Fite, Hamilton, for appellee.

SIMPSON, Justice.

The defendants have appealed from a decree of the circuit court, in equity, ordering a sale for division of the subject lands on a bill of complaint of appellee alleging that the lands cannot be equitably divided between the parties, tenants in common.

■■ The decree is well supported by the evidence and there is no merit in the appeal. The rule is well understood. Partition of land between tenants in common is a matter of right, but the alternative right to have the land sold for division is statutory, and as basis for the latter relief it must be proven that a fair and equitable partition in kind of the lands cannot be made. Hall v. Hall, 250 Ala. 702, 35 So.2d 681; Keaton v. Terry, 93 Ala. 85, 9 So. 524. The proof, fairly interpreted, substantially sustained this allegation.

The property comprises the Bull Mountain tract of 160 acres and the Rideout Falls tract of 320 acres. The tracts are of most irregular terrain, some mountainous, some lowland, some with a little timber and most without, some rocky and "clifty" and other parts swampy. The two parcels are separated some distance from each other, the smaller tract containing no land in cultivation and the larger tract containing only about sixty acres of land susceptable of cultivation. A fair interpretation of the testimony of the witnesses who appeared in open court and testified leads to the conclusion which the trial court arrived at that the lands are not susceptible of equitable partition in kind and that a sale among the parties for division of proceeds is proper.

■ Indulging the usual presumption of correctness as to this finding on evidence taken ore tenus before the court, the decree below will not be disturbed. Ala. Digest, Appeal and Error, ☞1012(1).

Affirmed.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.