60 So.2d 337

## WASHINGTON v. PHILLIPS.

### 5 Div. 500.

Supreme Court of Alabama.

Aug. 27, 1952.

W. C. Hare, Tuskegee, for appellant.

Harry D. Raymon, Tuskegee, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from the Circuit Court of Macon County, Alabama, in Equity. The suit was filed to sell certain property for division, the bill alleging that the property could not be equitably divided.

We deem it unnecessary to discuss many of the questions raised by appellant. Some are clearly without merit. Others go to questions of fact on which there was conflicting evidence. The court below heard the case on evidence taken *ore tenus*, and the usual presumption of correctness of his findings of fact prevails.

The property in question consists of five and one half acres in Tuskegee, Alabama, on which there is a house in one corner. Complainant, by purchasing from several persons, became tenant in common with respondent. Their shares were five-sevenths and two-sevenths respectively. The proof is susceptible of the court's finding that the land cannot be equitably divided in kind. The principal question argued on appeal is whether under the facts of the case, the court should have divided the property so that respondent would have retained the house, upon the application of the doctrine of owelty.

Under our statutes, Title 47, Sections 186–191, Code of 1940, courts of equity have the power to award owelty in these cases if such would best promote the interests of the parties. However, each case must be judged on its own merits. We may observe that owelty should be sparingly used and with great caution.

In a recent decision, Hall v. Hall, 250 Ala. 702, 35 So.2d 681, 683, this court

considered this question of owelty and reviewed our authorities extensively. We held there:

> "We believe that the broad powers given by statute to a court of equity to be pursued on equitable practices would justify the court in allotting a part of the land to one tenant in common if he has improved it or there is some other special equitable reason for doing so, and if to do so would not affect the saleable value of the balance, and that the balance could then be sold if it could not be equitably divided without a sale."

In that case the appellant was not upheld in his argument that he was entitled to owelty as a matter of right. We held that he had made no improvements, had no equitable claim to the part which he desired.

We are of the opinion from the evidence in this case that respondent had no special claim to that portion of the property which would entitle him to owelty as a matter of right. There is, of course, a sentimental attachment to the house, but we find no evidence other than that to justify respondent's claim. The alleged agreement made by complainant cannot be said to have been established by the overwhelming weight of the evidence. We are also of the opinion that the financial circumstances of respondent would lead the court to deny owelty. We also are of the opinion that the value of the parcel of property, without the lot claimed by respondent, would be substantially impaired.

The decree of the lower court ordering a sale of the property for division is supported by the facts in this case. Under the evidence it is the only just and equitable solution.

The decree must therefore be affirmed.

Affirmed.

FOSTER, LAWSON, STAKELY AND GOODWYN, JJ., concur.