206 So.2d 586

Gaston R. ANDERSON et al.

v.

Rosa Lee ANDERSON et al.

7 Div. 758.

Supreme Court of Alabama.

Jan. 11, 1968.

Roy D. McCord and J. A. Hornsby, Gadsden, for appellees.

Robt. H. Taylor and Copeland & Copeland, Gadsden, for appellants.

SIMPSON, Justice.

The appellees filed a bill for partition in kind of 160 acres of land lying adjacent to the City of Gadsden and traversed by U. S. Highway 411, which diagonally crosses and divides in half the south forty of the land.

All of the tenants in common are parties to this litigation and consist of five. They took title to the land from a common ancestor.

The respondents to the original bill filed an answer and cross bill denying that the property could be divided in kind and asked for a sale of the entire property and division of the proceeds among the parties.

The court heard a great deal of evidence, made a view of the property with the consent of the parties and concluded that the complainants were entitled to have set aside and carved out of the entire portion of land involved their share "lying south of the U. S. Highway No. 411 without affecting the market value of the remaining lands". The remainder of the property was ordered sold for division.

■ It is the contention of appellants that the court erred in allotting a parcel of the land to appellees (one tenant in common), contending that before the court may do so, it must be shown that the cotenant has made improvements on the property, or that there is some other special equitable reason for allotting the portion to him, and that this procedure would not affect the saleable value of the balance of the land. This is a correct statement of the law as it exists in Alabama. Hall v. Hall, 250 Ala. 702, 35 So.2d 681. The contention made by appellants is that the court erred in finding in this case that the complainants had established a "special equitable reason" for having the portion allotted to them in kind.

■ Our cases on this point hold that "each case must be judged on its own merits". Washington v. Phillips, 257 Ala. 625, 60 So.2d 337. The trial court here heard the evidence ore tenus. It is well settled that his findings are entitled to the usual presumption of correctness. In addition the court physically viewed the property with the consent of the parties. It concluded that the complainants were entitled to have a portion of the property allotted to them in kind. The evidence is supportive of his conclusions. In Hall v. Hall, supra, a similar case, we held:

"We believe that the broad powers given by statute to a court of equity to be pursued on equitable practices would justify the court in allotting a part of the land to one tenant in common if he has improved it or there is some other special equitable reason for doing so, and if to do so would not affect the saleable value of the balance, and that the balance could then be sold if it could not be equitably divided without a sale."

Here the court found that the complainants had shown a special equitable reason for having the share carved out and further found that by so doing, the saleable value of the balance was not affected. It is not argued that the court erred in failing to partition the whole property in kind.

We have carefully reviewed the evidence and have concluded that in light of the presumption of correctness attending the court's finding on facts heard ore tenus we cannot reverse.

Affirmed.

LAWSON, MERRILL and HARWOOD, JJ., concur.