238 So.2d 346

**Eula FENDLEY et al.**

v.

**W. B. LAMBERT et al.**

**4 Div. 327.**

Supreme Court of Alabama.

July 30, 1970.

Roger A. Prestwood, Andalusia, for appellants.

Ray W. Murphy, Andalusia, for appellees.

LAWSON, Justice.

The subject of this litigation is eighty acres of land and four town lots, all in Covington County. The lots are in Andalusia. The subject land is owned by four brothers and four sisters. Each owns an undivided one-eighth interest in the subject land.

For the purpose of this appeal, it can be said that the brothers filed a bill in the Circuit Court of Covington County, in Equity, against their sisters seeking a sale of the land for division, averring that it cannot be equitably divided or partitioned in kind. The sisters, in their answer, denied the material averments of the bill. The sisters made their answer a cross bill, wherein they averred that the eighty-acre tract uniquely lends itself to a division in kind, inasmuch as it consists of two forties fronting on the same county road and is susceptible of a division into eight ten-acre parcels of equal value and of equal frontage on the road; that to further insure that the eight ten-acre tracts would be of equal value, the court should first order the sale of the standing timber from the entire eighty-acre tract, with the net

proceeds derived from the sale of the timber to be divided equally among the eight tenants in common; that the lots in Andalusia should likewise be sold for division of the proceeds among the eight tenants in common. In their said cross bill the sisters prayed in pertinent part as follows:

"* * * and that upon a final hearing of this cause, cross-complainants pray that the Court will decree a sale of the standing timber and of the subdivided lots for division of the net proceeds equally among the eight co-tenants; and that this Court should appoint not more than five Commissioners, three of whom can act for the Commission to divide the 80 acres of land in eight 10-acre parcels with equal road frontage and to assign the ownership of each parcel by lot; that in the alternative, this Court shall order and decree a reference to be held by the Register in Chancery to determine the feasibility of the disposition of the lands as herein prayed by the cross-complainants; or the feasibility of a division in kind without any sale by means of the payment of owelty."

The brothers, the cross-respondents, filed an answer wherein they denied the material allegations of the cross bill.

Thereafter, the sisters, the respondents, cross-complainants, amended their cross bill by adding thereto Paragraph 9, which reads:

"Cross-complainants represent unto this Court that they own one-half of the 80 acres described in the Bill of Complaint, and they own one-half of the four city lots described in the Bill of Complaint. Likewise the cross-respondents own one-half of the 80 acres and one-half of the said city lots being four in number.

"Cross-complainants offer to do equity, that is to say, they offer to let the complainants make their own choice of the two 40 acre tracts, and they do likewise offer to let the complainants choose two of the four city lots so that a sale for

division would be unwarranted and contrary to the laws of Alabama, in that a division in kind can be effectuated.

"Cross-complainants further aver that none of the parties before this Court is laboring under any legal disabilities, and all of the parties are familiar with the property involved in this cause, and consequently this Court should not decree a sale of the property in face of this offer to do equity by the cross-complainants.

"WHEREFORE, cross-complainants pray that this Court either enter a decree of a partition in kind based on the evidence or alternatively, that this Court shall compel the complainants to elect under the offer herein made by the cross-complainants."

The cause came on for a hearing before the trial judge, ore tenus, without the brothers, the complainants, cross-respondents, having refiled their answer to the cross bill as amended or by responding thereto in any way.

Two witnesses testified for the brothers and three witnesses testified for the sisters. At the conclusion of the hearing, the trial court, after finding that the parties to the litigation each owned an undivided one-eighth interest in the subject land which could not be equitably divided or partitioned in kind, and "that none of the parties have any special equity in any portion" of the land, decreed that the land be sold for division. From that decree the sisters, the respondents, cross-complainants, have appealed to this court.

■ The failure of the brothers, the cross-respondents, to answer the cross bill as finally amended is of no consequence. No point was made of this omission and evidence was taken as if an answer had been filed to the cross bill as so amended. See Evans v. Evans, 264 Ala. 2, 84 So.2d 337; Atkins v. Atkins, 253 Ala. 43, 42 So.2d 650, and cases cited.

The appellants argue their assignments of error to the effect that the trial court erred in ordering all the suit property sold for division and in not limiting "the decree of sale to the 40 acres and the two lots which could have been chosen by the complainants [brothers] in accordance with the amended cross-complaint and tender made in open court by the cross-complainants."

■ Two or more tenants in common may unite in a bill against other tenants in common, and may jointly elect to consider their several moieties as one moiety, and to have it set apart to them as one undivided fractional share of the whole. Donnor v. Quartermas, 90 Ala. 164, 8 So. 715; Smith v. Hill, 168 Ala. 317, 52 So. 949; Hall v. Hall, 250 Ala. 702, 35 So.2d 681. See Jordan v. Ellis, 278 Ala. 116, 176 So.2d 244.

In Hall v. Hall, *supra*, we said in part as follows:

"We believe that the broad powers given by statute to a court of equity to be pursued on equitable practices would justify the court in allotting a part of the land to one tenant in common if he has improved it or there is some other special equitable reason for doing so, and if to do so would not affect the saleable value of the balance, and that the balance could then be sold if it could not be equitably divided without a sale. This is in line with the principle that if one tenant in common deals with the property as if he were the sole owner by erecting improvements on his own account without embarrassing his co-owners or any intention of gaining advantage, he will be allowed on partition to retain the improved part if that would not prejudice the rights of his co-owners. Ferris v. Montgomery Land & Imp. Co., 94 Ala. 557, 10 So. 607, 33 Am.St.Rep. 146.

"We see no reason why this equitable right should be limited to a situation where the residue is to be partitioned in kind. Why not extend it as some cases do to a situation where the residue cannot be partitioned but must be sold? But to do so would not aid this appellant since he has not made the improvements in

question and has no other equitable claim to have the eight acres allotted to him, and since to do so would probably affect the saleable value of the residue." (250 Ala. 705, 35 So.2d 683)

The trial court's finding that "none of the parties have any special equity in any portion of any of said lands" is perhaps the reason why the court did not grant the sisters the relief prayed for in the amendment to their cross bill and why the court ordered all of the subject land sold for division.

There is no evidence tending to show that the sisters, the appellants here, have made improvements on any part of the subject land, but we feel that the fact that the sisters have indicated a willingness for their brothers, the appellees here, to choose either the east forty or the west forty of the eighty-acre tract and to choose the two lots in Andalusia which they deem the most desirable constitutes a "special equitable reason" for authorizing the court to allot to the sisters the forty and the two lots in Andalusia which the brothers do not want and to order that the other forty and the other two lots which the brothers choose be sold for division in accordance with the expressed desire of the brothers, as expressed in their averment that the suit property cannot be divided in kind.

The trial court did not find and we do not think the evidence would support a finding that an allotment to the sisters, appellants, of one of the forty-acre tracts and of two of the city lots would probably affect the saleable value of the residue.

In Anderson v. Anderson, 281 Ala. 574, 576, 206 So.2d 586, we affirmed the action of the trial court allotting certain lands to complainants and ordering the remainder of the land sold for division. The opinion does not show what special equitable reason existed for having the complainants' share "carved out" of the whole. But it does not appear that it was because they had made improvements thereon. In Anderson v. Anderson, *supra*, we said: "Our cases on this point hold that 'each case must be judged on its own merits'. Washington v. Phillips, 257 Ala. 625, 60 So.2d 337.'"

On the question presently under consideration, we are not concerned with the presumption of correctness attending the court's findings of fact, heard ore tenus. The trial court apparently concluded that the offer made by the sisters, the appellants, to let their brothers, appellees, choose the half of the suit property which they considered the most desirable did not constitute a special equitable reason for allotting the other half of the property to the sisters. We disagree with that conclusion, not with a finding of fact made by the trial court.

Apparently the brothers, the appellees, do not care to consider their several moieties as one moiety. They apparently want the proceeds of the sale of the land and we can conceive of no obstacle which would prevent the trial court from ordering the sale of the forty-acre tract and the two lots which the brothers select, with the proceeds to be distributed equally among them.

We hold that the trial court erred in not allotting to the sisters, the appellants, that half of the suit property which the brothers, the appellees, do not desire.

We call attention to the fact that the decree here under review did not direct the Register as to the time, place and terms of sale. In the event, after remandment, a sale of any part of the subject land is decreed, the decree should direct the Register as to the time, place and terms of sale. Oliver v. Dudley, 267 Ala. 87, 100 So.2d 327; Harvey v. Jenkins, 219 Ala. 121, 121 So. 419; Vauss v. Thomas, 249 Ala. 449, 31 So.2d 502; Hughes v. Gates, 236 Ala. 311, 181 So. 762.

The decree is reversed and the cause is remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.