238 So.2d 349

**Ellen Lawrence IVEY**

v.

**Margaret S. BYRD, as Executrix etc.**

4 Div. 300.

Supreme Court of Alabama.

July 30, 1970.

James W. Kelly and John L. Knowles, Geneva, for appellant.

E. W. Boswell, Charles R. Paul, Geneva, and Jack W. Smith, Dothan, for appellee.

LAWSON, Justice.

This is a will contest involving the will of Lucy L. Martin, deceased. Margaret S. Byrd, a niece of testatrix, named in the will as executrix and as principal beneficiary, filed a petition in the Probate Court of Geneva County for probate of the will. Ellen Lawrence Ivey, a sister of testatrix, who is also a legatee under the will, filed a contest in the Probate Court with a demand for transfer of the contest to the Circuit Court of Geneva County for trial before a jury, pursuant to § 63, Title 61, Code 1940. The transfer was made and the cause proceeded to trial before a jury upon the following grounds of contest, viz: (a) The testatrix was mentally incompetent and without testamentary capacity to execute a will on September 25, 1964; (b) the will was the product of undue influence exer-

**184**

cised upon the testatrix by Margaret S. Byrd or by "a party or parties unknown to your contestant"; (c) the will "was not executed according to law."

The jury returned a verdict in favor of the proponent, thereby upholding the validity of the will. Judgment on said verdict was duly rendered. This appeal is from that judgment. There was no motion for a new trial.

The argued assignments of error relate to rulings on admission of evidence.

■ Assignment of Error No. 1 reads:

"The court erred in overruling the objection of contestant to the question propounded by proponent to Dr. Samuel W. Windham, 'During this period of time from September of 1964, from the time you dismissed her from the hospital, and the 2nd day of February of '64, up through the period of time of September, until you saw her again on October 6, would you state to the Court what her mental condition was?' "

Counsel for contestant below, the appellant here, objected on the ground that the witness, Dr. Windham, had not been "sufficiently qualified in the medical field to give a personal opinion. His only qualification is as a surgeon." and on the further ground that Dr. Windham's relationship with the testatrix was not sufficient to qualify him to express an opinion as a layman.

Dr. Windham answered by saying that in his opinion Mrs. Martin was mentally capable of making decisions. He did not express that opinion as an expert in mental diseases, but as a physician and surgeon and as a layman who had been in close contact with Mrs. Martin over a period of eighteen to twenty years. Dr. Windham's opinion was admissible under our holdings in Smith v. State, 263 Ala. 1, 82 So.2d 296, and in Nichols v. State, 267 Ala. 217, 100 So.2d 750.

■ Assignment of Error No. 2 reads:

"The court erred in overruling objections of contestant to the question propounded by the proponent to A. D. Hatton. 'If a lawyer who drew a will, communicated with her and spelled out the terms, do you think she had the capability of determining whether or not they were suitable?' "

Counsel for contestant objected on the ground that "there is no evidence as to how the will was procured." After the objection was overruled, the question set out above was rephrased and the witness answered, "Yes, sir, I think so."

In brief counsel for appellant argues that the question presently under consideration elicited from the witness an impression which the witness had with regard to the suitability of the terms of the will. Aside from the fact that the objection did not raise that point, it seems apparent to us that the witness gave no testimony relative to any impression which he may have had with regard to the suitability of the will. He merely testified that in his opinion the testatrix had the mental capacity to determine whether the terms of the instrument were suitable to her. The evidence shows the witness to have been familiar with and to have had a close acquaintanceship with the testatrix and the trial court did not abuse its discretion in permitting the witness to answer the question over the objection interposed by counsel for contestant below, appellant here.

■ Assignment of Error No. 3 begins:

"The Court erred in overruling the objection of contestant to the testimony of E. C. Boswell, as follows:"

Following that statement appellant set out practically all of page 175 of the transcript, all of page 176, all of page 177, and a part of page 178 of the transcript. There are several rulings of the trial court found on those pages and on page 176 of the transcript appears the following:

"Mr. Kelly [counsel for contestant]: I got a standing objection and exception to all the conversations between Mr. Boswell and Dutch Martin at this time.

"The Court: Yes, surely."

Assignment of Error No. 3 is clearly a violation of Supreme Court Rule 1, which contemplates that assignments of error shall state concisely, in writing, in what the error consists. In Hall v. Pearce, 209 Ala. 397, 96 So. 608, Assignment of Error No. 3 asserted error on the part of the trial court in the following language: " * * * in the several rulings on the admissions and exclusions and nonadmissions and non-exclusions of the evidence shown, Tr. pages 12 to 16, inclusive." We held that that assignment did not state concisely in what the error consisted and therefore did not comply with Supreme Court Rule 1. We refused to consider Assignment of Error No. 3 in the *Hall case*.

Assignment of Error No. 3 in this case is strikingly similar to Assignment of Error No. 3 in the *Hall case*. We will not consider Assignment of Error No. 3 in the case at bar.

Assignment of Error No. 4 reads:

"The court erred in not granting contestant's motion to exclude the testimony of E. C. Boswell as is set forth in assignment of error number three."

This assignment of error, being tied in as it is with Assignment of Error No. 3, is likewise not in compliance with Supreme Court Rule 1.

Since we find no ground to reverse in any of the assignments of error, the judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.