301 So.2d 557

**Eugene L. ELLIOTT, Jr., et al.**

**v.**

**Donald J. BURCH et al.**

**SC 883.**

Supreme Court of Alabama.

Oct. 3, 1974.

Arthur D. Shores, Birmingham, for appellants.

S. W. H. Williams, Jr. and Nicholas H. Cobbs, Jr., Greensboro, for appellees.

FAULKNER, Justice.

On January 22, 1973, Donald J. Burch and Rita T. Burch filed suit to sell 160 acres of land in Hale County for division against Eugene L. Elliott, Jr., E. Lynette Taylor, Arthur Pepe, Val Armstrong, Richard Elliott, Naomi Marks Dobbins, Robert Dobbins, Juanita Dobbins, Quintella Horn, Christine D. English, Johnny McAllister, Amelia Tooson, Samuel Tooson, Carl Tooson, Ethel Tooson, Earceal Tooson, Mildred T. Huges, and A. G. Wilson.

Amelia Tooson, Johnny McAllister, Samuel Tooson, Carl Tooson, Earceal Tooson, Mildred T. Huges, A. G. Wilson, E. Lynette Taylor, and Ethel Tooson did not answer the bill of complaint and a decree pro confesso was entered against them on August 7, 1973. The Elliotts, Armstrong, and

Pepe notified the court that they had sold their interest in the land to the Burches and claimed no further interest in the land. The defendants Dobbins, English, and Horn filed an answer on August 6, 1973, neither admitting nor denying the allegations in the bill of complaint, but demanding strict proof thereof. They filed an amended answer alleging that the property could be partitioned in kind and requested their allotted share in kind, showing a date of service on opposing counsel for parties still in the suit on December 18, 1973. The defaulting parties were not served a copy of the amended answer. The trial court ordered the land sold for division on January 11, 1974.

The appellants filed two assignments of error: First, that the court erred in ruling " 'That the Amended Answer filed by Naomi M. Dobbins, et al, should have been given to defendants, E. Lynette Taylor, Johnny McAllister, Amelia Tooson, Samuel Tooson, Carl Tooson, Ethel Tooson, Earceal Tooson, Mildred Hughes [sic], and was not timely made.' " The second was that the court erred in ruling that the land could not be equitably and fairly partitioned without a sale for division. The trial court found that the amended answer sought affirmative relief and notice should have been given to the defendants who suffered the decree pro confesso taken against them. This court held in Marshall v. Rogers, 230 Ala. 305, 160 So. 865 (1935) that affirmative relief can be granted only on a cross-bill. An answer made a cross-bill must have parties respondent, and all except complainants in the original bill must be brought in by summons as in original bills. Cf. Adams v. Mathieson Alabama Chemical Corporation, 262 Ala. 166, 77 So.2d 667 (1955), holding that a defendant may not obtain relief in equity unless he files a cross-bill for that purpose.

Rule 5(a), Rules of Civil Procedure, provides that:

"[N]o service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4."

Apparently the trial judge treated the answer as a *cross-claim* against the defaulting defendants. Since the amended answer was not a cross-bill of complaint, no affirmative relief could have been granted on it. Therefore, in our opinion it was error to require notice of the amended answer on the defaulting parties, but it was harmless error. Rule 61, Rules of Civil Procedure. We do not construe the amended answer as cross-claim under the Rules of Civil Procedure requiring service under Rule 5(a). As we understand the portion of the Rule quoted above, it applies to a plaintiff who amends his complaint and asserts new or additional claims against one who fails to appear, or, if there is more than one defendant, and one defendant desires to plead his answer a cross-claim against the *other defendant* who has not appeared, the pleading should be served on the other defendant in the same manner as a summons. See Moore's Federal Practice, Vol. 2, p. 1338. In such instance the cross-claim is essentially an original claim against the other defendant, and the answer becomes a complaint against that defendant. We do not have that situation here.

There is an allegation in the amended bill of complaint that the land could not be equitably divided without a sale. Since the plaintiffs had the burden of proving that partition in kind could not be had, an answer averring that the land could be partitioned without a sale says nothing more than a general denial. The amended answer here was dressed in the plumage of an eagle when the plumage of a sparrow would have been sufficient. It was still defensive pleading rather than offensive pleading seeking new or additional

relief. Consequently, the defaulting parties were not entitled to notice.

As to the second assignment of error, this court has held in cases too numerous to cite that where the trial court hears the case ore tenus, there is a presumption that the finding of facts and decree of the trial court are correct, and the court will not be put in error on appeal unless they are plainly and palpably wrong. See Anderson v. Anderson, 281 Ala. 574, 206 So. 2d 586 (1968).

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, BLOODWORTH, McCALL and JONES, JJ., concur.

COLEMAN and MADDOX, JJ., concur specially.

MADDOX, Justice (concurring specially).

The majority holds that the trial judge erred, albeit harmless, in concluding that the amended answer, which sought affirmative relief, had to be served on the defaulting parties. I disagree. The amended answer, which asked for a partition in kind, sought additional or supplemental relief. The amended answer was served by mail on counsel representing the plaintiffs on *December 18, 1973,* five days *after the hearing* was held by the court. The amended answer specified that the appellants had "leave of court" and the permission of the plaintiffs' counsel to file the amended answer. Assuming these facts to be true, there was no service made on the defaulting parties as required by Rule 5(a), Alabama Rules of Civil Procedure. As is pointed out in Moore's Federal Practice, 2d Ed., Vol. 2, p. 1338–1339:

"It should be noted that Rule 5(a) expressly requires pleadings asserting new or additional claims for relief against parties in default for failure to appear to be served upon them in the manner prescribed for the service of summons in Rule 4. This requirement is based on notions of fairness, namely, that a party should receive notice of all claims for relief upon which judgment may be entered against him. Hence, if the defendant fails to appear and the plaintiff amends his complaint, by inserting a new or an additional claim for relief, a copy of the amended complaint must be served in the same manner as a summons. Where there are two defendants, A and B, and A desires to plead in his answer a cross-claim against B, who has not appeared, the pleading containing the cross-claim should be served in the same manner as a summons. And since the cross-claim is essentially an original claim against B, careful practice suggests as the safest course that A file his pleading containing a cross-claim against B, secure the issuance of a summons, and cause a copy of the summons and of the answer, which is essentially a complaint as to B, to be served upon B in the same manner as a copy of the original complaint and of the summons are served. Similarly, if a new or additional claim for relief is asserted by way of intervention, the intervening party must serve the pleading containing the claim for relief upon a defendant, who has failed to appear, in the same manner as a summons. Here, also, careful practice suggests that a summons accompany the pleading when service is made."

Consequently, I believe the trial court was correct in holding that service of the amended answer should have been made on the defaulting parties.

COLEMAN, J., concurs.