348 So.2d 1368 (1977)
Ida HICKS et al.
v.
Doris Lester HICKS.
SC 1990.
Supreme Court of Alabama.
August 12, 1977.
Rehearing Denied September 9, 1977.
Alton L. Turner, Luverne, Sam M. Phelps, Tuscaloosa, for appellants.
John F. Dillon, IV, and Jennie Lee Kelley of Dillon & Kelley, Alexander City, for appellee.
*1369 FAULKNER, Justice.
This is an appeal from a judgment ordering real property sold for division, instead of equitably partitioned in kind. We affirm.
At the time of his death, W. A. Hicks owned an undivided one-half interest in 1441 acres of land. Of the other half interest, Ida Hicks, J. M. Wise and Lilellen H. Wise (defendants), as trustees, owned an undivided one-fourth interest and Lilellen H. Wise (defendant) owned the other undivided one-fourth interest. In his will W. A. Hicks devised to his wife, Doris Lester Hicks (plaintiff), "a life estate in and to a one-third interest in all of my property of every kind . . . provided that my wife shall receive one-third of the sale price of any property sold during her lifetime."
Plaintiff seeks a sale for division of the real property in which the parties own joint interests. Defendants claim that the property can be equitably partitioned in kind and offer to allow plaintiff to select any 240 acres (a one-sixth interest in the lands) of her own choosing to which her life estate shall attach. By counterclaim, defendants seek partition in kind. Plaintiff denies that the land can be equitably partitioned; denies that the proposed partition is equitable as it does not take into consideration plaintiff's entire interest and right to the property and provides for her to receive substantially less than she is entitled to receive upon sale for division; and alleges physical characteristics of the lands.
The Circuit Court of Pike County found that the property could not be equitably partitioned in kind and ordered the lands sold for division. Defendants appeal.
The two issues presented are whether the trial court committed reversible error in finding that the property could not be equitably partitioned in kind and whether the trial court committed reversible error in failing to fix the time of sale in the judgment. We find no reversible error.

I.
A sale of land for division when the land cannot be equitably partitioned in kind is a matter of right. Christian v. McConnell, 208 Ala. 300, 94 So. 280 (1922); Raper v. Belk, 276 Ala. 370, 162 So.2d 465 (1964). The party seeking the sale must prove that a fair and equitable partition in kind cannot be made. Meador v. Meador, 255 Ala. 688, 53 So.2d 546 (1951). The lower court, on the fact stipulations and the testimony of three witnesses, found that the property could not be equitably partitioned. The findings of fact and decree of the lower court after hearing the evidence ore tenus are entitled to a presumption of correctness and will not be disturbed on appeal unless plainly or palpably erroneous. Elliott v. Burch, 293 Ala. 244, 301 So.2d 557 (1974); Meador, supra. After reviewing the record, we find that the decree of the lower court is well supported by the evidence.
Defendants argue that, under Fendley v. Lambert, 286 Ala. 179, 238 So.2d 346 (1970), their offer to allow plaintiff to select any 240 acres is a special equitable reason for not ordering a sale. However, as Fendley states, each case for partition must be judged on its own merits. The evidence in Fendley did not support a finding that a partition for division would be inequitable in that each of the parties owned an undivided one-eighth interest in the land in question.
In the instant case, however, the plaintiff is entitled not only to a life estate in an undivided one-sixth interest but also is entitled to receive one-sixth of "the sale price of any property sold during her lifetime." A partition in kind would give the plaintiff only a life estate and not a fee simple in the 240 acres and would destroy her right under the will to share in the proceeds of a sale of the land. This result of depriving the plaintiff of the proceeds of sale to which she is entitled is an inequity which will prevent such a partition. Thus, there is no merit in the appeal as to this issue.

II.
The word "time" in the rule that a decree of sale should fix the time, place and *1370 terms of the sale refers to the time required for publication of the notice of sale, not the day on which the sale should be conducted. Oliver v. Dudley, 267 Ala. 87, 100 So.2d 327 (1958). A direction that the clerk sell the property "after giving notice of the sale by publication for three successive weeks. . ." sufficiently refers to the period of the publication of the notice of sale. Thus, no error was committed as to this issue.
AFFIRMED.
SHORES, J., concurs.
BLOODWORTH, J., with whom TORBERT, C. J., joins, concurs specially.
JONES, J., concurs in the result.
MADDOX, ALMON, EMBRY and BEATTY, JJ., dissent.
BLOODWORTH, Justice (concurring specially).
Although I concur in Mr. Justice Faulkner's opinion, I would like to add these comments of my own.
For over 90 years the following two propositions have been fully settled principles of law in this State.
1. A life tenant in the entire property and the remaindermen (owners of the fee) are not joint tenants or tenants in common and neither can bring an action against the other for the partition for sale for division of the property.
2. A life tenant in a fractional interest in the property and the other owner, of the remaining fractional life estate and the remainder, are joint tenants or tenants in common and either can bring an action against the other for the partition for sale for division of the property.
Gayle v. Johnston, 80 Ala. 395 (1885) (per Stone, C. J.); Shrout v. Seale, 287 Ala. 215, 250 So.2d 592 (1971) (per Coleman, J.); Brown v. Andrews, 288 Ala. 111, 257 So.2d 356 (1972) (per McCall, J.); Duncan v. Johnson, 338 So.2d 1243 (Ala.1976) (per Clark, S.C.J.).
Following are excerpts from the most recent decisions with respect to these rules.
"`There must be a tenancy in common, not a separate ownership of distinct estates in the whole. So a life tenant of the entire property cannot maintain a bill against another owning the remainder in entirety. Kelly v. Deegan, 111 Ala. 152, 20 So. 378.
"`. . . it must be regarded as fully settled that a life tenant in an undivided interest only may have partition, by sale if need be, although he have no interest in the reversion or remainder. Letcher v. Allen, 180 Ala. 254, 60 So. 828; Gayle v. Johnson [Johnston], 80 Ala. 395; McQueen v. Turner, 91 Ala. 273, 8 So. 863, and cases heretofore cited.' Etheredge v. Etheredge, 219 Ala. 660, 661, 662, 123 So. 48, 49."
Shrout v. Seale, supra.
"Under authority of Shrout v. Seale, supra, and the cases there cited and relied upon, we affirm our holding that a life tenant in a fractional undivided interest is entitled to a sale for division, and that a tenant in common who holds a fractional undivided interest for the life of another has the same rights as a life tenant with respect to a sale for division."
Brown v. Andrews, supra.
"There seems to be no disagreement between the parties as to the following propositions of law. 1. The life tenant and the reversioner or remainderman are not joint owners or tenants in common, and neither can maintain a judicial proceeding against the other for a sale of the property for division for distribution of the proceeds of the sale. Code of Alabama 1940, Tit. 47, § 186; Bedsole v. Bedsole, 272 Ala. 589, 133 So.2d 237 (1961); Ganus v. Sullivan, 267 Ala. 16, 99 So.2d 204 (1957); Street v. Watts, 202 Ala. 622, 81 So. 564 (1919); Cobb v. Frink, 200 Ala. 191, 75 So. 939 (1917).
"2. A part owner of the estate for life and the owner of the reversion or remainder who also is a part owner of the estate for life are joint owners or tenants in common and each may maintain an action against the other for a sale for division for distribution of the proceeds. Etheredge *1371 v. Etheredge, 219 Ala. 660, 123 So. 48 (1929); Letcher v. Allen, 180 Ala. 254, 60 So. 828 (1913); Gayle v. Johnston, 80 Ala. 395 (1885). Each of the immediately preceding propositions assumes that the property is not capable of being equitably partitioned or divided."
Duncan v. Johnson, supra.
The reason for the rule permitting partition or sale for division between the life tenant in a fractional interest and the other owners is simply that these parties are joint tenants or tenants in common with respect to the life estate.
TORBERT, C. J., concurs.
JONES, Justice (concurring in the result).
I concur in the result that the trial Court correctly allowed the widow's petition for sale and division. At first I was inclined to the view of the dissent because, on initial reading of Fendley v. Lambert, 286 Ala. 179, 238 So.2d 346 (1970), I felt that the "special equitable reason" doctrine effectively barred sale and mandated partition in kind.
A more thorough study of Fendley, and the cases cited therein, however, discloses that I was overlooking one of the salient elements essential to give operative effect to this equitable doctrine: To allocate the proportionate shares in kind against the petition of a common interest holder for sale and division must not affect the saleable value of the residue. Lifting this rationale directly from Hall v. Hall, 250 Ala. 702, 35 So.2d 681 (1948), the Fendley Court observed:
"The trial court did not find and we do not think the evidence would support a finding that an allotment to the sisters, appellants, of one of the forty-acre tracts and of two of the city lots would probably affect the saleable value of the residue." 286 Ala. at 182, 238 So.2d 349.
That the nature of the widow's interest a life estate would affect the saleable value in her allotted share 250 shares is hardly debatable. Indeed, not only would the saleable value be affected, it would effectively deny her right of sale. See Mr. Justice Bloodworth's special concurring opinion with which I concur except that I concur in the result only because I disagree with the majority's application of the ore tenus scope of review rule. Mr. Justice Lawson, speaking for the Court in Fendley, correctly applied (or, perhaps more correctly, declined to apply) the ore tenus rule thusly:
"On the question presently under consideration, we are not concerned with the presumption of correctness attending the court's findings of fact, heard ore tenus. The trial court apparently concluded that the offer made by the sisters, the appellants, to let their brothers, appellees, choose the half of the suit property which they considered the most desirable did not constitute a special equitable reason for allotting the other half of the property to the sisters. We disagree with that conclusion, not with a finding of fact made by the trial court." 286 Ala. at 182, 238 So.2d 349.
Likewise, here, there are no disputed facts from which the trial Court made "findings." Instead, the trial Court legally concluded, from undisputed facts, that the widow was entitled to the relief prayed for in her petition for sale and division. I agree to affirm because I agree with this legal conclusion and holding.
BEATTY, Justice (dissenting):
I respectfully dissent.
Although in this state we have a history of allowing a sale for division of real property at the instigation of a life tenant against a remainderman, I think this practice has a poor foundation and consideration should be given to its abolition. Nevertheless, in this controversy, the right of the life tenant to require sale for division is not disputed, thus any discussion of that proposition would serve no purpose. However, there are other grounds upon which we should reverse this decision. A review of the facts will be helpful.
W. A. Hicks died testate. The relevant portions of his last will and testament are:

*1372 THIRD:
I give, devise and bequeath to my wife, DORIS LESTER HICKS, a life estate in and to a one-third interest in all of my property of every kind and nature, real, personal and mixed, except that hereinabove referred to in Baldwin County, Alabama, provided that my wife shall receive one-third of the sale price of any property sold during her lifetime. In the event my wife should remarry before the disposition or sale of any of the said property, then in that event, her interest in the said property is advised and bequeathed to my two daughters, Cherry Hicks Bryant and Sally Hicks, share and share alike. (Emphasis supplied.)
FOURTH:
All of the rest, residue and remainder of my property of every kind and nature, real, personal and mixed wherever situated, I give, devise and bequeath to my daughters, Cherry Hicks Bryant and Sally Hicks, share and share alike.
. . . . . .
The testator owned an undivided one-half interest in certain lands in Pike and Crenshaw Counties. The Crenshaw County property aggregate is 1405 acres, more or less, and the Pike County property is 36 acres, more or less. These properties are the subject of this controversy. The remaining undivided one-half interest in the lands is owned together by the other defendants. Ida Hicks, J. W. Wise and Lilellen H. Wise, trustees of trusts created in the last will and testament of Steve H. Hicks, deceased, own an undivided one-fourth interest and Lilellen H. Wise owns an undivided one-fourth interest. The parties stipulated that the life estate in plaintiff in any 240 acres of the entire tract would be less than one-sixth of the value of the entire tract.
Plaintiff, the widow of W. A. Hicks, sought in this suit to have the entire 1441 acres sold for division because, she alleged, the property could not be equitably divided or partitioned among the joint owners and tenants in common. The defendants through counterclaim alleged that the lands could be equitably partitioned in kind without a sale. The defendants also elected to treat their several undivided interests or moieties as an undivided interest or moiety and they agreed to allow the plaintiff to select from all the lands that portion in which she is entitled to a life estate. This offer would allow the plaintiff to take her life estate in the most desirable portion of the lands and leave the less desirable portion to the defendants.
After trial the circuit court held that all of the property in dispute was jointly owned by plaintiff and defendants as tenants in common. The court also found that the property could not be equitably divided or partitioned in kind and that the plaintiff was entitled to a sale of the lands. The defendants have appealed.
This case is controlled by Fendley v. Lambert, 286 Ala. 179, 238 So.2d 346 (1970). That case involved the sale of land for division by four brothers against four sisters, all of whom were fee interest holders. The dispute included two forty-acre tracts and four town lots which were owned as an undivided one-eighth interest by each of the brothers and sisters. The sisters offered to do equity by allowing the brothers to choose one of the forty-acre tracts and any two of the four town lots. The trial court, finding that none of the parties had any special equity in any portion of the land, held that it could not be partitioned in kind and decreed that it all be sold for division. This Court reversed the decision of the trial court and observed:
. . . we feel that the fact that the sisters have indicated a willingness for their brothers, the appellees here, to choose either the east forty or the west forty of the eighty-acre tract and to choose the two lots in Andalusia which they deem the most desirable constitutes a `special equitable reason' for authorizing the court to allot to the sisters the forty and the two lots in Andalusia which the brothers do not want and to order that the other forty and the other two lots which the brothers choose be sold for division in accordance with the expressed *1373 desire of the brothers, as expressed in their averment that the suit property cannot be divided in kind. (Emphasis supplied.)

. . . . . .
In Anderson v. Anderson, 281 Ala. 574, 576, 206 So.2d 586, we affirmed the action of the trial court allotting certain lands to complainants and ordering the remainder of the land sold for division. The opinion does not show what special equitable reason existed for having the complainants' share `carved out' of the whole. But it does not appear that it was because they had made improvements thereon. In Anderson v. Anderson, supra, we said: `Our cases on this point hold that "each case must be judged on its own merits". Washington v. Phillips, 257 Ala. 625, 60 So.2d 337.' (Emphasis supplied.)

In Anderson, supra, all five of the parties were tenants in common and had taken from a common ancestor. The complainants were seeking a partition of 160 acres of land. The respondents denied that the property could be divided in kind and asked for a sale of the entire property and division of the proceeds among the parties. In allowing a partition for division instead of a sale the Court observed:
. . . The contention made by appellants is that the court erred in finding in this case that the complainants had established a `special equitable reason' for having the portion allotted to them in kind.

Our cases on this point hold that `each case must be judged on its own merits.'. . .
. . . . . .
Here the court found that the complainants had shown a special equitable reason for having the share carved out and further found that by so doing, the saleable value of the balance was not affected. . . . (Emphasis supplied.)

That Court also cited Hall v. Hall, 250 Ala. 702, 35 So.2d 681 (1948) which discussed the concept of a special equitable reason. The Hall Court did not find that appellant was entitled to allotment in kind because he made no improvements and there was no other special equitable reason for allowing division without sale. However, the Court did state:
We believe that the broad powers given by statute to a court of equity to be pursued on equitable practices would justify the court in allotting a part of the land to one tenant in common if he has improved it or there is some other special equitable reason for doing so, and if to do so would not affect the saleable value of the balance, and that the balance could then be sold if it could not be equitably divided without a sale. . . . (Emphasis supplied.)

The Fendley case clearly applied the concept of a special equitable reason for allowing partition in kind of lands rather than requiring a sale for division. In this present controversy, the defendants' offered plaintiff her choice of any one-sixth parcel for her life estate. If Fendley were applied to this case, only that portion of this property which represents plaintiff's interest would be ordered sold, that is, so much according to her own selection as her life estate in one-sixth of the property represents. In Fendley, all of the lands were not required to be sold, only the plaintiff's separate interest was required to be sold. That should be the order in this case. This follows because there is a total failure of the proof required for a sale for division. To obtain such a sale, the plaintiff must prove that the land cannot be equitably divided. The majority cites the ore tenus rule as a basis for resolving that question, but that rule is inapplicable because it applies to issues of fact, not to errors in the application of law, as occurred here. The offer of these defendants, as we have noted, to allow the plaintiff to select her portion from any part or parts of the real estate clearly establishes that the land can be divided. This is the defendants' "special equitable reason" which would justify allotment to plaintiff without a sale of the entire premises. The majority opinion avoids considering the effect of the defendants' offer upon the plaintiff's burden of proving that an *1374 equitable division of the land cannot be made. Even in Fendley, where all of the parties were fee holders, the Court did not require sale of the entire property because of the offer to allow a selection to the plaintiffs. It follows with a stronger reason that the plaintiff here, a tenant whose life estate is defeasible, should not be allowed to require a sale of the entire property because of a like offer.
The argument by Mr. Justice Jones in his concurring opinion, that partition in kind will adversely affect the saleable value of plaintiff's share and effectively deny her right of sale is simply erroneous. The saleable value of plaintiff's share, if affected, will be increased by her unfettered choice of the most desirable land as her life estate share. A partition in kind in no way restricts the plaintiff's right to sell her interest in her life estate. A division in kind of plaintiff's life estate, on the other hand, will leave all the parties in equally equitable positions. Furthermore, if the defendants are required to prove that the saleable value of the residue will not be adversely affected, the effect of this is that the burden of proof (for a sale) will be shifted improperly to the defendants.
The majority states that denying the proceeds of the sale to the plaintiff is an inequity which will prevent a partition. This argument rests on the erroneous assumption that the widow has a fee interest. But the plain language of this will never gave the widow a fee interest in the land. It simply states that if the land is sold she should get her equivalent interest in money. How would a partition of the life estate in kind destroy the widow's right to share in the proceeds of the land if it is sold? To allow this plaintiff to force a sale for division under these circumstances would defeat the plain intent of the testator who obviously preferred to limit her interest which, under the terms of the will, is not a fee interest. And by allowing the plaintiff to compel the sale of the rest of the property, the remaindermen's interest is reduced. This is so because the trial court's order, allowing sale, gives the widow the equivalent proceeds that each of the two remaindermen, who are fee holders, will receive. This effectively reduces the remaindermen's interest. Although she does not have a fee interest, the widow is attempting to convert her life interest into a fee simple interest through the proceeds in this action. This result defeats the provisions of the will and denies to the defendants substantive due process of law.
For these reasons, I would reverse and remand the decision of the trial court.
MADDOX, ALMON and EMBRY, JJ., concur.

On Application for Rehearing
FAULKNER, Justice.
The application for rehearing is overruled.
MADDOX, Justice (dissenting).
I would grant rehearing.
The Court has very carefully considered this case, and it is unfortunate that there is disagreement in the result, because each member of the Court apparently agrees that the burden of proof is upon the person seeking a sale for division to show that the land cannot be partitioned in kind.
That burden was not met in this case, in my opinion, and the plurality and concurring opinions do not address how plaintiff met her burden of proof, especially since she was offered the right to select any 240 acres. The plurality opinion does state that "After reviewing the record, we find that the decree of the lower court is well supported by the evidence."
The plaintiff, who had been on the property only twice, did testify on direct:
"Q. Do you have an opinion, Mrs. Hicks as to whether or not this property that is the subject matter of the present suit can be equitably partitioned without a sale of it?
"A. That is can it be divided up into tracts having equal value?
* * * * * *
"A. Will you repeat that again?

*1375 "Q. I said in your opinion is there any way to equitably divide this land up into tracts having equal value in relationship to the number of interests that are outstanding?
"A. In my opinion, no."
The question and her answers beg the question, in view of the offer to allow her to select any 240 acres. This offer obviously would allow her to select any 240 acres, whether the 240 acres she selected were of equal or unequal value. On cross-examination, she said that her opinion that it could not be equitably divided was based upon the fact that "[I]t would be kindly hard to divide land so many ways . . ." and "[I]t would be hard to do." She further testified on cross-examination:
"Q. And you are basing that opinion on dividing it into six parts of equal value?
"A. Yes, it would be hard to divide the land six ways of equal value." [emphasis supplied].
I believe the majority of this Court should grant rehearing and at least point out, from the record, how plaintiff met her burden of proof to show that partition was inequitable.
ALMON, EMBRY and BEATTY, JJ., concur.