BRADLEY, Judge.
This is an appeal by plaintiff-Overhead Door Company of Birmingham from a decree of the Circuit Court of the Tenth Judicial Circuit of Alabama denying the priority of plaintiff’s materialman’s lien over the defendant’s prior recorded real estate mortgage.
The trial court, sitting without a jury, and after a hearing, dismissed the complaint with prejudice on the grounds that the work product subject to the material-man’s lien was not separable from the realty without impairing the value or security of the defendant’s prior mortgage. We affirm.
The facts of the case show that Owens Machinery Company, a seller and a repairer of road machinery, owned approximately five acres of land and the buildings and *71 improvements thereon, all situated in Birmingham, Alabama. One of the buildings on this land was a large metal structure, with a total of ten garage-type, roll-up doors located on both sides of the building. A second building on the property had another of these garage-type doors. These doors allowed large road machines brought in for service and repair to enter and exit the building easily.
The First National Bank of Tuskaloosa, as Trustee of Gulf States Paper Corporation Hourly Employees Retirement Trust, Paper Division (hereinafter referred to as “the Bank”), was the mortgagee of both a first and second mortgage covering the buildings and land owned by Owens Machinery Company. The Bank had acquired the first mortgage by purchase from another lending institution, and had made the second mortgage loan to Owens Machinery in 1964.
Overhead Door Company of Birmingham (hereinafter referred to as “the Company”) was engaged in the business of selling and installing large metal upward-acting doors. Owens Machinery contracted with the Company to install new doors on the above-mentioned buildings at a cost of $11,145. The Company removed the old doors, which had been present at the time the Bank had acquired the mortgages, and completed installation of the new doors on August 17, 1976. The Company’s lien on these doors was filed and recorded on October 6, 1976.
On January 22,1977 the Company obtained a consent judgment against Owens Machinery for nonpayment of the balance due on the new doors. Over the next few months Owens Machinery made several more payments on the debt, reducing the balance due to $5,656.
In April of that year the Bank foreclosed on both mortgages because of defaults in mortgage payments by Owens Machinery during 1976. The Bank was the only bidder at the foreclosure sale. Its bid price was $393,259.36. This total represented the sum of the amount due on the first mortgage ($81,769.82), the amount due on the second mortgage ($308,036.81), and the expenses of foreclosure ($3,452.73).
The suit upon which this appeal is based was filed by the Company asking the circuit court for an order directing the removal and sale of the doors pursuant to Code of Alabama 1975, § 35-11-211 [formerly Tit. 33, § 38, Code of Alabama 1940 (Recomp. 1958)]. The court refused to grant such an order, and the Company appealed.
Testimony at trial indicated that removal of the doors would require the breaking of the weld spots which attach the doors to the buildings, and the removal of the doors’ counterbalances and roller tracks. The removal would cause damage to the buildings in several respects. Blemishes would remain on the doorjambs where the weld spots had been broken. The Bank’s leasehold income from rental of the property would be impaired. And, because the large doors are “extensions of the walls,” their removal would expose the buildings’ interi- or to intruders and to inclement weather.
Plaintiff’s testimony conceded that removal of the doors would decrease the value of the buildings. The plaintiff offered proof that the doors could be replaced, at current prices, for $12,800. An expert real estate appraiser employed by the attorney for the Company testified that the current fair market value of the property subject to the Bank’s mortgage is $475,000, a figure approximately $81,000 higher than the Bank’s bid price at the foreclosure sale.
Plaintiff’s claim is based on Code of Alabama 1975, § 35-11-211 [formerly Tit. 33, § 38, Code of Alabama 1940 (Recomp.1958)], which provides:
[A]nd as to liens, mortgages or incum-brances created prior to the commencement of the work, the lien for such work shall have priority only against the building or improvement, the product of such work which is an entirety, separable from the land, building or improvement subject of the prior lien, mortgage or incum-brance, and which can be removed therefrom without impairing the value or security of any prior lien, mortgage or in-cumbrance .
*72 The trial court correctly stated the two prerequisites to establishing the Company’s claim of priority. The Company must prove that the doors are “separable” from the building; and also prove that the doors can be removed without impairing the value or security of the Bank’s prior mortgage. We believe that the trial court correctly found that the doors are not separable from the buildings without impairing the value or security of the Bank’s mortgage.
The Company argues that the removal of the doors would reduce the appraised value of the property by only $12,800 (i. e. the current cost of replacing the doors) to approximately $462,000. This reduced value would still leave a property value of $462,-000 out of which to satisfy the Bank’s interest of $393,740. However, we believe that this argument is inconsistent with the Alabama Supreme Court’s interpretation of the above-quoted statute in Empire Home Loans, Inc. v. W. C. Bradley Co., 286 Ala. 449, 241 So.2d 317 (1970). In construing the phrase “ ‘without impairing the value or security of any prior mortgage’,” the court stated that the phrase referred to the value or security of the mortgage itself, not to the value or security of the property at the time of the execution of the mortgage. Empire Home Loans, Inc. v. W. C. Bradley Co., supra.
However, the Company argues that Empire Home Loans, Inc. v. W. C. Bradley Co., supra, is inapposite to the case at bar because that case dealt with construction mortgages and the Bank’s mortgages are not of that kind. But this argument ignores the plain language of the statute, which expressly covers “any prior lien, mortgage or encumbrance.” See, Comment, The Priority Problem Between Construction Mortgages and Mechanics’ Liens in Alabama, 6 Cum.Sam.L.Rev. 243 (1975). To accept this argument would require us to ignore the clear expression of legislative intent.
The findings of fact and decree of the lower court after hearing evidence ore tenus are entitled to the presumption of correctness, and will not be disturbed on appeal unless plainly or palpably erroneous. Hicks v. Hicks, Ala., 348 So.2d 1368 (1977). It is clear from the record in this case that removal of the doors would impair the value or security of the Bank’s prior mortgage. There being no error in the trial court’s decision, this case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.