This is an appeal from a judgment approving a sale of a jointly owned 80-acre tract of land for division of the proceeds among the joint owners. The plaintiffs (referred to herein as the Stimpsons) own fractional shares totalling a one-half interest in the property. The defendants (referred to herein as the Phelon heirs) own fractional shares that together comprise the remaining one-half interest in the property. The Stimpsons purchased the property for $110,000 at a private sale ordered pursuant to § 35-6-100, Ala. Code 1975. The issues are whether the evidence that the land could not be equitably partitioned was sufficient to support the trial court's holding to that effect and whether the trial court erred "in denying certain defendants a homestead exemption protecting their homesteads from an involuntary sale."
Sometime before 1910, Elizabeth Phelon died, survived by five children and owning the land in question. One of those children died without issue, so the other four, Turner, Sarah, Wash, and Azaline, then each owned a one-quarter interest. Turner's only heir conveyed his interest to F.T. Stimpson in 1937. Sarah's heirs conveyed their interests to the Stimpsons by conveyances in 1985 and 1990. Wash had 11 children, of whom 6 either are still alive or left their interests in the property to heirs or devisees. Azaline had 10 children, all of whom have died, leaving an unknown number of heirs. The parties actively defending this case derive their interests from Wash.
The property is the west half of a quarter section. The southern portion is low lying land, most of which is subject to flooding. There are two houses on the northern portion of the land, one in the northeast corner and the other in the northwest portion of the land. The Stimpsons alleged in their complaint that the property is not subject to an equitable partition and they requested that it be sold for division of the proceeds. They obtained personal service over some of the Phelon heirs, served others by certified mail, and gave service by publication to described but unknown heirs. They also filed a notice of intent to purchase the defendants' interests pursuant to § 35-6-100. See Jolly v. Knopf,463 So.2d 150 (Ala. 1985). Under the provisions of § 35-6-101, the court appointed an appraiser, who gave a value of $38,508.65 for the land, timber, and improvements. The Stimpsons deposited this amount into court to protect their right to purchase the land pursuant to § 35-6-100 et seq. One of the Phelon heirs similarly gave notice of intent to purchase and deposited the appraised amount.
At trial the Stimpsons put on evidence that the land could not be equitably partitioned, neither in the fractions established among the identified interest holders nor in two equal portions. Both the court-appointed appraiser and another expert testified to this effect. The defendants took the position that the Stimpsons' collective interests could be considered one moiety and the Phelon heirs' interests another moiety and that the property could be divided into two equal shares between the plaintiffs and the defendants. SeeRagland v. Walker, 411 So.2d 106 (Ala. 1982);Hicks v. Hicks, 348 So.2d 1368 (Ala. 1977);Fendley v. Lambert, 286 Ala. 179, 238 So.2d 346
(1970). They presented an expert witness who testified that the land could be divided in half either east and west or north and south.
The trial court held that the property could not be equitably partitioned. The evidence clearly sustains this finding as to a north-south division, if only because much of the land in the southern portion has very little value because it is subject to flooding. Similarly, the evidence supported a finding that an east-west division would not be equitable because there was a beaver pond on the southern part of the eastern half of the property and, generally, the southeast portion was the most susceptible to flooding. Both the appraiser and the Stimpsons' expert testified that the property could not be divided into equal parcels on the east and the west because of the varying type and topography of the land.
We note also that one of the largest interest holders among the Phelon heirs, a daughter of Wash Phelon who lives in California, *Page 370 
advised the court that she was not interested in receiving title to a portion of the property, but preferred that the property be sold and that she receive her share of the proceeds. Some other defendants also expressed an interest in having the land sold for division. More than 50 Phelon heirs were identified. Thus, the court's decision that the property could not be divided into two equal parcels is further supported by the evidence that the Phelon heirs did not have a unanimous interest in sharing half of the property.
A trial court's finding that land cannot be equitably partitioned is entitled to a presumption of correctness and will be overturned only if plainly or palpably erroneous.Moore v. McNider, 551 So.2d 1028 (Ala. 1989);Irons v. Le Sueur, 487 So.2d 1352 (Ala. 1986);Ragland v. Walker, supra; English v. Brantley,361 So.2d 549 (Ala. 1978); Elliott v. Burch, 293 Ala. 244,301 So.2d 557 (1974); Meador v. Meador, 255 Ala. 688,53 So.2d 546 (1951). We see no error in the court's finding that the land cannot be equitably partitioned.
The argument that the defendants were entitled to a homestead exemption has no merit. The appellants cite only § 6-10-1, Ala. Code 1975, and several cases, which are not pertinent. We note that § 6-10-2 exempts a homestead, to a certain value, from levy and execution for the collection of debts. That provision is not shown to have any application to a sale for division among cotenants. Only two of the Phelon heirs, Jimmie James and Charlotte Pernell, live on the property. James lives in a trailer behind one of the houses, and Pernell has lived in the other house since 1987. James owned a 1/168 interest and Pernell owned a 1/96 interest. The appellants have cited no authority that would allow them to defeat the sale of the property under these circumstances.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.